UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO.

RICHARD MONAHAN,

    Plaintiff

v.

TOWN OF SALISBURY, and RICHARD A.
WHALEY, IORA ALEXANDER, KEVIN
AVERY, PATRICIA FOWLER, DAVID
HOLSCHER, THOMAS HUGHES, and JANE
PURINTON, as they are the
CONSERVATION COMMISSION OF THE
TOWN OF SALISBURY,

    Defendants

05    10649    WGY

NOTICE OF REMOVAL

RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 4-1-05

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS:

    Defendants Town of Salisbury and Salisbury Conservation Commission, pursuant to the

provisions of 28 U.S.C. §§1441 and 1446, hereby file a Notice of Removal of this action from

the Superior Court of the Commonwealth of Massachusetts, County of Essex, where it is

currently pending, based upon the following grounds:

(1)    Plaintiff alleges, in part, that the actions of the Defendant Salisbury Conservation

        Commission complained of in the Complaint violated his rights of equal protection and

        constituted a taking of the Plaintiff's property, without compensation, both claims under

        the Fifth and Fourteenth Amendments to the United States Constitution. A copy of the

        Complaint, purporting to commence an action against the Defendants in the Essex

Superior Court of the Commonwealth of Massachusetts, marked as Exhibit A, is annexed hereto and incorporated by reference;

(2)   Specifically, Exhibit A indicates that plaintiff alleges that the Defendant Salisbury Conservation Commission took action which "constitutes a taking of the Plaintiff's property, without compensation, thus denying this [sic] rights under...the Fifth and Fourteenth Amendment of the U.S. Constitutuion." Complaint, ¶37.

(3)   Moreover, plaintiff alleges that the Defendant Salisbury Conservation Commission took action which "violates the Plaintiffs' [sic] equal protection rights under the ...Fifth and Fourteenth Amendments of the U.S. Constitutuion." Complaint, ¶38.

(4)   The plaintiff also raises state law claims;

(5)   By reason of the foregoing, this Court has original jurisdiction over the plaintiff's federal claims pursuant to 28 U.S.C. §1331, and the entire case may be removed pursuant to 28 U.S.C. §1441;

(6)   The Defendants reside in Essex County, and plaintiff alleges to reside in Essex County, (Complaint, ¶2), thus venue in this Court is proper;

(7)   This removal is timely as the purported service of the Complaint herein was made (via mail) on March 2, 2005 and received by the Town Manager's Office for the Defendant Town of Salisbury on March 4, 2005;

(8)   The attached Complaint, with Exhibit, one Summons, Civil Action Cover Sheet, and cover letter from Plaintiff's counsel (Exhibit A) constitutes copies of all process, pleadings and orders served upon Defendants to date.

2

Signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

DEFENDANTS,

TOWN OF SALISBURY AND SALISBURY
CONSERVATION COMMISSION,

By their attorneys,

Kathleen E. Connolly (BBO# 558706)
Kopelman and Paige, P.C.
 Town Counsel
31 St. James Avenue
Boston, MA  02116
(617) 556-0007

247756/SALI/0001

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document
was served upon the attorney of record for each other
party by (hand) (mail) on _____



# HinckleyAllenSnyder LLP
ATTORNEYS AT LAW



28 State Street
Boston, MA 02109-1775
TEL: 617.345.9000
FAX: 617.345.9020
www.haslaw.com

**Doreen M. Zankowski, Esq.**
dzankowski@haslaw.com

March 2, 2005

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Mr. Neil Harrington, Town Manager
Town of Salisbury
5 Beach Road
Salisbury, MA 01952

Re:    **Richard Monahan v. The Town of Salisbury, et als**
       **Essex Superior Court Civil Action No. 05-311-D**

Dear Mr. Harrington:

Enclosed please find a copy of the Summons, Verified Complaint and Civil Action Cover
Sheet relative to the Town of Salisbury filed in the Essex Superior Court. This
constitutes service on the Town of Salisbury in the above-referenced matter.

Please contact me if you have any questions or if you wish to discuss a resolution of this
matter.

Very truly yours,
HINCKLEY, ALLEN & SNYDER, LLP

Doreen M. Zankowski /mze/

Doreen M. Zankowski

DMZ/mle
Enclosures

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 05-311-D

Richard Monahan .................................................................., Plaintiff(s)

*v.*

The Town of Salisbury, et als ........................................., Defendant(s)

## SUMMONS

To the above named Defendant: Mr. Neil Harrington, Town Manager, Town of Salisbury, 5 Beach Rd
Salisbury, MA 01952
You are hereby summoned and required to serve upon _____ Doreen M. Zankowski, Esq. _____,

plaintiff's attorney, whose address is Hinckley, Allen & Snyder, LLP, 28 State St.,  , an answer to the
Boston, MA 02109

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Salem _____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the    2nd
day of   March              , in the year of our Lord two thousand
and five.

*Clerk*

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

| CIVIL ACTION COVER SHEET | DOCKET NO. | Trial Court of Massachusetts Superior Court Department |
|---|---|---|
| | | County: **Essex** |

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| *Richard Monahan* | *The Town of Salisbury, et als.* |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (617) 345-9000 | ATTORNEY (if known) |
|---|---|
| **Doreen M. Zankowski, Hinckley Allen & Snyder** **28 State Street, Boston, MA 02109** Board of Bar Overseers number: **558381** | |

## Origin code and track designation

Place an x in one box only:

- ☒ 1. FO1 Original Complaint
- ☐ 2. FO2 Removal to Sup.Ct. C.231, s.104 (Before trial) (F)
- ☐ 3. FO3 Retransfer to Sup.Ct. C.231, s. 102C (X)

- ☐ 4. FO4 District Court Appeal c. 231, s. 97 & 104 (After trial) (X)
- ☐ 5. FO5 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| *C99* | *Certiorari* | (F) | ( ) Yes (X) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses _____ $
2. Total Doctor expenses _____ $
3. Total chiropractic expenses _____ $
4. Total physical therapy expenses _____ $
5. Total other expenses (describe) _____ $
                                               Subtotal $

B. Document lost wages and compensation to date _____ $
C. Documented property damages to date _____ $
D. Reasonably anticipated future medical and hospital expenses _____ $
E. Reasonably anticipated lost wages _____ $
F. Other documented items of damages (describe)
                                               $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                               $
                                        TOTAL $

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claims(s):

                                        TOTAL $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have compiled with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: **2/24/05**



# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                    SUPERIOR COURT
                                             CIVIL ACTION NO. _____

                                                    5 031ᵗ

-----------------------------------
                                )
RICHARD MONAHAN,                )                5 031
                                )
        Plaintiff.              )              05´· 311 - D
                                )
v.                              )        ⸰
                                )
THE TOWN OF SALISBURY,          )
                                )
and                             )
                                )
RICHARD A. WHALEY, IORA         )
ALEXANDER, KEVIN AVERY,         )
PATRICIA FOWLER, DAVID          )
HOLSCHER, THOMAS                )
HUGHES, AND JANE PURINTON       )
                                )
        as they are             )
                                )
THE CONSERVATION COMMISSION     )
OF THE TOWN OF SALISBURY        )
                                )
        Defendants.             )
-----------------------------------

## VERIFIED COMPLAINT

Plaintiff, Richard Monahan brings this action to quash the decision of the Salisbury

Conservation Commission denying Plaintiff's application to install and maintain an accessory

use on his parcel, namely a narrow patio area directly off the back of the Plaintiff's home which

includes a small fence around the patio.

## CAUSE OF ACTION
## AND
## PARTIES

1.     This is a civil action in the nature of a certiorari brought pursuant to the provisions of M.G.L. c. 249, § 4 to review the decision of the Salisbury Conservation Commission.

2.     Plaintiff Richard Monahan ("Monahan") is an individual who resides at 479 North End Boulevard, Salisbury, MA.

3.     Defendant Salisbury Conservation Commission (the "Commission") is a duly authorized unit of the Town of Salisbury, Massachusetts, and has been delegated the authority to administer the Massachusetts Wetlands Protection Act, G.L. c.131, §40 (the "Wetlands Act") and the Town of Salisbury Wetlands Protection Bylaw (the "Bylaw") in the Town of Salisbury. The Commission has an office located at 5 Beach Road, Salisbury, Massachusetts 01952.

4.     There is not provision under statue, There is no provision under statute, bylaw or regulation for review of the Commission's action under the Bylaw other than the Complaint which the Plaintiff now files under the provisions of M.G.L. c. 249 § 4.

### FACUAL BACKGROUND

5.     Monahan is the owner of a parcel located at 479 North End Boulevard, Salisbury, Massachusetts ("the "Property").

6.     North End Boulevard, also known as Route 1A, runs north to south, with a barrier beach to the west (slightly southwest) of the parcel.

7.     Monahan desires to construct and maintain an accessory use on the parcel, namely a narrow patio area directly off the back of the Plaintiff's home including a small fence.

8.     The construction materials for the patio are porous brick -- permeable to liquids.

9.     The fence is a 2-3 foot high fence, made of slats that are spaced at 3-4 inch intervals.

10.     Monahan originally had a small wooden elevated 10' x 12' shed located on the parcel, which he voluntarily removed on May 1, 2004.

11.     Monahan voluntarily removed the shed because he was informed by the Defendants that the shed was located in an alleged "no build" buffer zone under the Bylaw.

12.     On or about May 27, 2004, Monahan filed a Notice of Intent (the "Notice of Intent") with the Commission outlining his intention to construct and maintain a small patio area with a fence.

13.     The filing of the Notice of Intent was necessary because the limited construction of the patio and fence was within the landward side of a beach barrier area, hence in an area alleged to be under the jurisdiction of the Commission.

14.     The shed was within 20 feet of the salt marsh (wetlands area) and thus, was voluntarily removed.

15.     The patio and fence is more than 25 feet from the salt marsh (wetlands area) at its closest point, thus, outside the so-called "no build" zone.

16.     The site is stabilized and the fence and patio placement does not prohibit nature dune migration.

17.     The patio materials are porous and thus do not inhibit drainage, nor do they cause any erosion or other problems harmful to the environment.

18.     Plaintiff engaged a consultant, Scott Goddard of Carr Research Labs, Inc., who opined to the Commission that the porous patio and de minimis fencing did not disturb the environment in any harmful, material or significant manner.

19.  The effect of the patio and fence on the barrier beach area at issue would be negligible.

20.  The Commission, however, issued an Order of Conditions (the "Order of Conditions") that purported to deny the project. A true and accurate copy of the Order of Conditions is attached hereto as Exhibit A, which Monahan received on or about December 27, 2004.

21.  In its Order of Conditions, the Commission admits that the hearing was closed on September 1, 2004, yet the Order of Conditions was not issued until December 21, 2004, some 112 days after the close of the hearing.

22.  By its own Bylaw, the Commission is required to provide the Order of Conditions within 21 days after the close of the hearing, otherwise, the Applicant's, in this case Monahan's, due process rights are being violated.

23.  In its Order of Conditions, the Commission asserted that Monahan's proposal did not meet the requirements for the local bylaw, "no-build and no disturb" zones, of 40 feet and 25 feet respectively.

24.  Plaintiff, Monahan, voluntarily removed the elevated wooden shed from the so-called "no-build" zone. Said shed was removed prior to the Plaintiff's filing of the Notice of Intent.

25.  Plaintiff removed the shed as an act of good faith and in the spirit of cooperation with the Commission.

26.  The patio and fence areas are not in the 25' "no build" zone.

27.  The patio and fence area is in the 40' "no disturb" zone.

28.    It should be noted that Plaintiff's house, major portions of Route 1A, and numerous other homes along North End Boulevard are in the 40' no disturb zone.

29.    The Defendants' decision is arbitrary and capricious given the nature of the ancillary structures (porous patio brick and a small architectural fence), and the fact that the Defendants allow driveways and other structures, including patios, fences, portions of homes, etc. to be constructed in the 40' "no disturb" zone.

30.    The 40' "no disturb" zone does not prohibit buildings or structures in the so-called zone, it merely requires that the structure or the building do not damage, or at least minimize damage to the greatest extent possible, any disturbance to the resource area.

31.    The Commission's decision was arbitrary, capricious, unreasonable, legally untenable, contained multiple errors of law, was not based on substantial evidence, and was in excess of the Commission's authority.

32.    The Plaintiff has suffered substantial hardship due to the action of the Commission.

33.    The Commission's decision is not otherwise reviewable except through an action in the nature of certiorari under G.L. c.249, §4.

## COUNT 1

34.    For the foregoing reasons among others, the Commission's decision was not *wrong Standard* supported by substantial evidence.

## COUNT 2

35.    For the foregoing reasons among others, the Commission's decision was arbitrary, capricious, and erroneous as a matter of law. *right - Standard*

## COUNT 3

36.    For the foregoing reasons among others, the Commission's decision exceeds the scope of its jurisdiction under the Bylaw.

## COUNT 4

37.    For the foregoing reasons among others, the action of the Commission constitutes a taking of the Plaintiff's property, without compensation, thus denying this rights under Part One, Article X of the Massachusetts Constitution and the Fifth and Fourteenth Amendments of the U.S. Constitution.

## COUNT 5

38.    For the foregoing reasons among others, the action of the Commission violates the Plaintiffs' equal protection rights under the Massachusetts Constitution and the Fifth and Fourteenth Amendments of the U.S. Constitution.

## COUNT 6

39.    The portion of the Bylaw that purports to grant the Commission jurisdiction over the so-called "no disturb" zone exceeds the permissible purposes and authority of local wetlands bylaws and thus is null and void.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff Richard Monahan respectfully requests that this Court:

A.    Enter an order in the nature of certiorari under G.L. c.249, §4 quashing the Commission's denial under the Bylaw and directing the Commission to issue a new Order of Conditions order approving the Plaintiff's application.

B.      Grant such other and further relief as the Court may deem proper.

Respectfully submitted,

RICHARD MONAHAN
By his Attorney,

Doreen M. Zankowski (BBO #558381)
HINCKLEY, ALLEN & SNYDER LLP
28 State Street
Boston, Massachusetts 02109
(617) 345-9000
(617) 345-9020 (FAX)


## VERIFICATION


I, Richard Monahan, being duly sworn, state and verify that I have read the allegations contained herein, and that they are true and accurate to the best of my personal knowledge and belief.

Signed under the penalties of perjury this ___5___ day of January, 2005.

Richard Monahan

## EXHIBIT A

### Copy of Denial Under Town's Wetland Bylaw

03/31/05  THU 17:03 FAX 97846^ ^76        TOWN OF SALISBURY                          ☑013

Dec.27 2004 11:50AM   MONAHAN                        7818935453                   P.2

*Rcd 12/27/04*

## Massachusetts Department of Environmental Protection
Bureau of Resource Protection - Wetlands

DEP File Number:

# WPA Form 5 – Order of Conditions

65-642

Massachusetts Wetlands Protection Act M.G.L. c. 131, §40 &
The Town of Salisbury Wetland Protection Bylaw

## A. General Information



**Important:**
When filling
out forms on
the computer,
use only the
tab key to
move your
cursor – do not
use the return
key.

From: __Salisbury__
1. Conservation Commission

2. This issuance is for (check one):     ☒ Order of Conditions        ☐ Amended Order of Conditions

3. To:   Applicant:

| Richard | Monahan | |
|---|---|---|
| a. First Name | b. Last Name | c. Company |

86 Candlewood Drive
d. Mailing Address

| Waltham | MA | 02451-1308 |
|---|---|---|
| e. City/Town | f. State | g. Zip Code |

4. Property Owner (if different from applicant):

| Same | | |
|---|---|---|
| a. First Name | b. Last Name | c. Company |

d. Mailing Address

| | | |
|---|---|---|
| e. City/Town | f. State | g. Zip Code |

5.   Project Location:

| 479 North End Boulevard | Salisbury, MA  01952 |
|---|---|
| a. Street Address | b. City/Town |

| 38 | 1 |
|---|---|
| c. Assessors Map/Plat Number | d. Parcel/Lot Number |

Latitude and Longitude, if known (note:
electronic filers will click for GIS locator):

| 42.865829 | -70.818325 |
|---|---|
| e. Latitude | f. Longitude |

6.   Property recorded at the Registry of Deeds for (attach additional information if more than one parcel):

| South Essex | 74308, Document #397886 |
|---|---|
| a. County | b. Certificate (if registered land) |

| | |
|---|---|
| c. Book | d. Page |

7.   Dates:

| 6/1/2004 | 9/1/2004 | 12/21/2004 |
|---|---|---|
| a. Date Notice of Intent Filed | b. Date Public Hearing Closed | c. Date of Issuance |

8.   Final Approved Plans and Other Documents (attach additional plan or document references as
needed):

a. Plan Title

| | |
|---|---|
| b. Prepared By | c. Signed and Stamped by |

| | |
|---|---|
| d. Final Revision Date | e. Scale |

| f. Additional Plan or Document Title | | g. Date |
|---|---|---|

9.   Total WPA Fee Paid:

| $55.00 | $15.00 | $40.00 |
|---|---|---|
| a. Total Fee Paid | b. State Fee Paid | c. City/Town Fee Paid |



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands

DEP File Number:

# WPA Form 5 – Order of Conditions

Massachusetts Wetlands Protection Act M.G.L. c. 131, §40 &
The Town of Salisbury Wetland Protection Bylaw

65-642

## C. General Conditions Under Massachusetts Wetlands Protection Act

(only applicable to approved projects)

1. Failure to comply with all conditions stated herein, and with all related statutes and other regulatory measures, shall be deemed cause to revoke or modify this Order.

2. The Order does not grant any property rights or any exclusive privileges; it does not authorize any injury to private property or invasion of private rights.

3. This Order does not relieve the permittee or any other person of the necessity of complying with all other applicable federal, state, or local statutes, ordinances, bylaws, or regulations.

4. The work authorized hereunder shall be completed within three years from the date of this Order unless either of the following apply:
   a. the work is a maintenance dredging project as provided for in the Act; or
   b. the time for completion has been extended to a specified date more than three years, but less than five years, from the date of issuance. If this Order is intended to be valid for more than three years, the extension date and the special circumstances warranting the extended time period are set forth as a special condition in this Order.

5. This Order may be extended by the issuing authority for one or more periods of up to three years each upon application to the issuing authority at least 30 days prior to the expiration date of the Order.

6. Any fill used in connection with this project shall be clean fill. Any fill shall contain no trash, refuse, rubbish, or debris, including but not limited to lumber, bricks, plaster, wire, lath, paper, cardboard, pipe, tires, ashes, refrigerators, motor vehicles, or parts of any of the foregoing.

7. This Order is not final until all administrative appeal periods from this Order have elapsed, or if such an appeal has been taken, until all proceedings before the Department have been completed.

8. No work shall be undertaken until the Order has become final and then has been recorded in the Registry of Deeds or the Land Court for the district in which the land is located, within the chain of title of the affected property. In the case of recorded land, the Final Order shall also be noted in the Registry's Grantor Index under the name of the owner of the land upon which the proposed work is to be done. In the case of the registered land, the Final Order shall also be noted on the Land Court Certificate of Title of the owner of the land upon which the proposed work is done. The recording information shall be submitted to this Conservation Commission on the form at the end of this Order, which form must be stamped by the Registry of Deeds, prior to the commencement of work.

9. A sign shall be displayed at the site not less than two square feet or more than three square feet in size bearing the words,

"Massachusetts Department of Environmental Protection" [or, "MA DEP"]

"File Number   65-642   "

☑ 015

Dec 27 2004 11:53AM   MONAHAN                          7918935453                    P. 6



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands                                 DEP File Number:

# WPA Form 5 – Order of Conditions

Massachusetts Wetlands Protection Act M.G.L. c. 131, §40 &            65-642
The Town of Salisbury Wetland Protection Bylaw

## C. General Conditions Under Massachusetts Wetlands Protection Act

10. Where the Department of Environmental Protection is requested to issue a Superseding Order, the Conservation Commission shall be a party to all agency proceedings and hearings before DEP.

11. Upon completion of the work described herein, the applicant shall submit a Request for Certificate of Compliance (WPA Form 8A) to the Conservation Commission.

12. The work shall conform to the plans and special conditions referenced in this order.

13. Any change to the plans identified in Condition #12 above shall require the applicant to inquire of the Conservation Commission in writing whether the change is significant enough to require the filing of a new Notice of Intent.

14. The Agent or members of the Conservation Commission and the Department of Environmental Protection shall have the right to enter and inspect the area subject to this Order at reasonable hours to evaluate compliance with the conditions stated in this Order, and may require the submittal of any data deemed necessary by the Conservation Commission or Department for that evaluation.

15. This Order of Conditions shall apply to any successor in interest or successor in control of the property subject to this Order and to any contractor or other person performing work conditioned by this Order.

16. Prior to the start of work, and if the project involves work adjacent to a Bordering Vegetated Wetland, the boundary of the wetland in the vicinity of the proposed work area shall be marked by wooden stakes or flagging. Once in place, the wetland boundary markers shall be maintained until a Certificate of Compliance has been issued by the Conservation Commission.

17. All sedimentation barriers shall be maintained in good repair until all disturbed areas have been fully stabilized with vegetation or other means. At no time shall sediments be deposited in a wetland or water body. During construction, the applicant or his/her designee shall inspect the erosion controls on a daily basis and shall remove accumulated sediments as needed. The applicant shall immediately control any erosion problems that occur at the site and shall also immediately notify the Conservation Commission, which reserves the right to require additional erosion and/or damage prevention controls it may deem necessary. Sedimentation barriers shall serve as the limit of work unless another limit of work line has been approved by this Order.

Special Conditions:

If you need more space for additional conditions, select box to attach a text document ☐

_____

_____

_____

_____

03/31/05  THU 17:05 FAX 97846⁻⁻176        TOWN OF SALISBURY                            Ø016

Dec 27 2004 11:54AM  MONAHAN                              7818935453                    P.7



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection – Wetlands                      DEP File Number:

# WPA Form 5 – Order of Conditions

Massachusetts Wetlands Protection Act M.G.L. c. 131, §40 &       65-642
The Town of Salisbury Wetland Protection Bylaw

## D. Findings Under Municipal Wetlands Bylaw or Ordinance

1. Furthermore, the ___*Salisbury*___ hereby finds (check one that applies):
   <u>Conservation Commission</u>

2. ☒ that the proposed work cannot be conditioned to meet the standards set forth in a municipal ordinance or bylaw specifically:

   o *Salisbury Wetland Bylaw – No Distur...*
   a. Municipal Ordinance or Bylaw        *90/2.5  No Build – No Distur*    b. Citation

   Therefore, work on this project may not go forward unless and until a revised Notice of Intent is submitted which provides measures which are adequate to meet these standards, and a final Order of Conditions is issued.

3. ☐ that the following additional conditions are necessary to comply with a municipal ordinance or bylaw:

   _____
   a. Municipal Ordinance or Bylaw                                         b. Citation

   The Commission orders that all work shall be performed in accordance with the following conditions and with the Notice of Intent referenced above. To the extent that the following conditions modify or differ from the plans, specifications, or other proposals submitted with the Notice of Intent, the conditions shall control.

If you need more space for additional conditions, select box to attach a text document ☐

   c. The special conditions relating to municipal ordinance or bylaw are as follows:

   _____

   _____

   _____

Dec 27 2004 11:56AM    MONAHAN                    7818935453                    P.8



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands

# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

65-672

## E. Issuance

This Order is valid for three years, unless otherwise specified as a special
condition pursuant to General Conditions #4, from the date of issuance.
Please indicate the number of members who will sign this form:
This Order must be signed by a majority of the Conservation Commission.
The Order must be mailed by certified mail (return receipt requested) or hand delivered to the applicant. A
copy also must be mailed or hand delivered at the same time to the appropriate Department of
Environmental Protection Regional Office, if not filing electronically, and the property owner, if different
from applicant.

12/21/2004
1. Date of Issuance

4
2. Number of Signers

Signatures:

_[signatures]_    11-3-04
Patricia Fowler    11-3-04
_[signature]_    11-3-04
_[signature]_    11-3-04

## Notary Acknowledgement

Commonwealth of Massachusetts County of    Essex

On this    21 st
            Day                            of    December    2004
                                                  Month        Year

Before me, the undersigned Notary Public,
personally appeared    Name of Document Signer    Richard A Whaley

proved to me through satisfactory evidence of identification, which was/were
Personally Known By Notary
Description of evidence of identification
to be the person whose name is signed on the preceding or attached document, and acknowledged to
me that he/she signed it voluntarily for its stated purpose.

As member of    Salisbury
                City/Town                                        Conservation Commission

_[notary seal:]_ LIZ M. WOOD
Notary Public
Commonwealth of Massachusetts
My Commission Expires Aug 28, 2009

_[signature]_ Liz M. Wood
Signature of Notary Public

Liz M. Wood
Printed Name of Notary Public

August 28, 2009
My Commission Expires (Date)

Place notary seal and/or any stamp above

This Order is issued to the applicant as follows:

☐  by hand delivery on

_____
Date

☒  by certified mail, return receipt requested, on

12/21/2004
Date

wpaform5.doc • rev. 11/2/04                                                                    Page 7 of 8

# CIVIL CATEGORY SHEET
## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _____
   _Monahan v. Town of Salisbury_

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ____ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _x_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ____ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ____ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ____ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT. _Monahan v. Town of Salisbury, Essex Superior Court ESCV2005-00311_

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC § 2403)     YES ☐  NO ☒

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S.A. A PARTY?     YES ☐  NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC § 2284?     YES ☐  NO ☒

7. DO ALL OF ALL THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMEN- TAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHU- SETTS RESIDE IN THE SAME DIVISION?—(SEE LOCAL RULE 40.1(D)).     YES ☐  NO ☒

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GPVERNMENTAL PARTIES RESIDE?     YES ☒  NO ☐
      EASTERN DIVISION ☐   CENTRAL DIVISION ☐   WESTERN DIVISION ☐

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESID- ING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION ☐   CENTRAL DIVISION ☐   WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Kathleen E. Connolly, Esq., John J. Goldrosen, Esq._
ADDRESS _Kopelman and Paige, P.C., 31 St. James Avenue, Boston, MA 02116_
TELEPHONE NO. _(617) 556-0007_
(Categfrm.rev - 11/00)

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Richard Monahan

## DEFENDANTS

Town of Salisbury, Richard A. Whaley, Iora Alexander, Kevin Avery, Patricia Fowler, David Holscher, Thomas Hughes and Jane Purinton, as they are the Conservation Commission of the Town of Salisbury

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Essex
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Essex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Doreen Zankowski, Esq.
Hinckley, Allen & Snyder, LLP
28 State Street
Boston, MA 02109   (617) 345-9000

ATTORNEYS (IF KNOWN) Kathleen E. Connolly, Esq.
John J. Goldrosen, Esq.
Kopelman and Paige, P.C., 31 St. James Ave.
Boston, MA 02116, (617) 556-0007

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

The plaintiff alleges that his rights under the Fifth And Fourteenth Amendment of the United States Constitution have been violated.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions)

JUDGE  Essex Superior Court    DOCKET NUMBER  ESCV2005-00311

DATE
4/1/2005

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN
ANNE-MARIE M. HYLAND
JASON R. TALERMAN
GEORGE X. PUCCI

EDWARD M. REILLY
DIRECTOR WESTERN OFFICE

**KOPELMAN AND PAIGE, P. C.**

ATTORNEYS AT LAW

31 ST. JAMES AVENUE

BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735

PITTSFIELD OFFICE
(413) 443-6100

NORTHAMPTON OFFICE
(413) 585-8632

WORCESTER OFFICE
(508) 752-0203

WILLIAM HEWIG III
JEANNE S. McKNIGHT
KATHLEEN M. O'DONNELL
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
MARY L. GIORGIO
MICHELE E. RANDAZZO
THOMAS W. McENANEY
KATHARINE GOREE DOYLE
LAUREN F. GOLDBERG
JEFFREY A. HONIG
GREGG J. CORBO
RICHARD T. HOLLAND
ELIZABETH R. CORBO
MARIA C. ROTA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN D. EICHMAN
JOSEPH S. FAIR
LAURA H. PAWLE
CAROLYN M. MURRAY
JACKIE COWIN
SARAH N. TURNER
JEFFREY T. BLAKE
R. ERIC SLAGLE
CAROLYN KELLY MACWILLIAM

April 1, 2005

Clerk
U.S. District Court
District of Massachusetts
U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re:    Richard Monahan v. Town of Salisbury and Salisbury Conservation Commission
       United States District Court, C.A. No. _____

Dear Sir/Madam:

Enclosed for filing in the above-referenced matter, please find an original and a copy of a Notice of Removal, a Civil Action Cover Sheet, a Civil Category Sheet, together with a Notice of Appearance and a check in the amount of $250.00 to cover the cost of filing and certification of one set of copies for filing with the State Court. In accordance with the requirements of 28 U.S.C. §1446, copies of all process, pleadings and orders served upon the Defendants are attached to the Notice of Removal.

Kindly certify one copy of the Notice of Removal, with attachments, and other papers, and provide the same to the person delivering these documents, together with the Federal Civil Docket Number assigned to this case.

Thank you for your attention to this matter.

Very truly yours,

Kathleen E. Connolly

KEC/MER/cmt
Enc.
cc:    Town Manager
       Conservation Commission
       Doreen M. Zankowski, Esq.
247757/SALI/0001

# CIVIL CATEGORY SHEET

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _____
   <u>Monahan v. Town of Salisbury</u>

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   —— I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _x_ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   —— III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   —— IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   —— V. 150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT. Monahan v. Town of Salisbury, Essex Superior Court ESCV2005-00311

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC § 2403)     YES ☐   NO ☒

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S.A. A PARTY?     YES ☐   NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC § 2284?     YES ☐   NO ☒

7. DO ALL OF ALL THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMEN-TAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHU-SETTS RESIDE IN THE SAME DIVISION?—(SEE LOCAL RULE 40.1(D)).     YES ☐   NO ☒

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GPVERNMENTAL PARTIES RESIDE?     YES ☒   NO ☐
   EASTERN DIVISION☐   CENTRAL DIVISION☐   WESTERN DIVISION☐

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESID-ING IN MASSACHUSETTS RESIDE?
   EASTERN DIVISION☐   CENTRAL DIVISION☐   WESTERN DIVISION☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME <u>Kathleen E. Connolly, Esq., John J. Goldrosen, Esq.</u>
ADDRESS <u>Kopelman and Paige, P.C., 31 St. James Avenue, Boston, MA 02116</u>
TELEPHONE NO. <u>(617) 556-0007</u>
(Categfrm.rev - 11/00)

# CIVIL COVER SHEET

The JS—44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Richard Monahan

**DEFENDANTS**

Town of Salisbury, Richard A. Whaley, Iora Alexander, Kevin Avery, Patricia Fowler, David Holscher, Thomas Hughes and Jane Purinton, as they are the Conservation Commission of the Town of Salisbury

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Essex

(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Essex

(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Doreen Zankowski, Esq.
Hinckley, Allen & Snyder, LLP
28 State Street
Boston, MA 02109  (617) 345-9000

ATTORNEYS (IF KNOWN) Kathleen E. Connolly, Esq.

John J. Goldrosen, Esq.
Kopelman and Paige, P.C., 31 St. James Ave.
Boston, MA 02116, (617) 556-0007

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)  AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury — Med. Malpractice
☐ 365 Personal Injury — Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☒ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
**HABEAS CORPUS:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS — Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

The plaintiff alleges that his rights under the Fifth And Fourteenth Amendment of the United States Constitution have been violated.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE  Essex Superior Court

DOCKET NUMBER  ESCV2005-00311

DATE

4/1/2005

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN
ANNE-MARIE M. HYLAND
JASON R. TALERMAN
GEORGE X. PUCCI

EDWARD M. REILLY
DIRECTOR WESTERN OFFICE

# KOPELMAN AND PAIGE, P. C.

### ATTORNEYS AT LAW

31 ST. JAMES AVENUE

BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735

PITTSFIELD OFFICE
(413) 443-6100

NORTHAMPTON OFFICE
(413) 585-8632

WORCESTER OFFICE
(508) 752-0203

WILLIAM HEWIG III
JEANNE S. McKNIGHT
KATHLEEN M. O'DONNELL
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
MARY L. GIORGIO
MICHELE E. RANDAZZO
THOMAS W. McENANEY
KATHARINE GOREE DOYLE
LAUREN F. GOLDBERG
JEFFREY A. HONIG
GREGG J. CORBO
RICHARD T. HOLLAND
ELIZABETH R. CORBO
MARIA C. ROTA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN D. EICHMAN
JOSEPH S. FAIR
LAURA H. PAWLE
CAROLYN M. MURRAY
JACKIE COWIN
SARAH N. TURNER
JEFFREY T. BLAKE
R. ERIC SLAGLE
CAROLYN KELLY MACWILLIAM

April 1, 2005

Clerk
U.S. District Court
District of Massachusetts
U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re:     Richard Monahan v. Town of Salisbury and Salisbury Conservation Commission
        United States District Court, C.A. No. _____

Dear Sir/Madam:

Enclosed for filing in the above-referenced matter, please find an original and a copy of a Notice of Removal, a Civil Action Cover Sheet, a Civil Category Sheet, together with a Notice of Appearance and a check in the amount of $250.00 to cover the cost of filing and certification of one set of copies for filing with the State Court. In accordance with the requirements of 28 U.S.C. §1446, copies of all process, pleadings and orders served upon the Defendants are attached to the Notice of Removal.

Kindly certify one copy of the Notice of Removal, with attachments, and other papers, and provide the same to the person delivering these documents, together with the Federal Civil Docket Number assigned to this case.

Thank you for your attention to this matter.

Very truly yours,

Kathleen E. Connolly

KEC/MER/cmt
Enc.
cc:     Town Manager
        Conservation Commission
        Doreen M. Zankowski, Esq.
247757/SALI/0001