**Commonwealth of Massachusetts**
**ESSEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

### ESCV2005-00311
### Monahan v Town of Salisbury et al

05 cv 10649 - WGY

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 02/24/2005 | **Status** | Disposed: remanded to District Court (drem) | | |
| **Status Date** | 04/04/2005 | **Session** | D - Civil-CtRm 2 (Lawrence) | | |
| **Origin** | 1 | **Case Type** | C99 - Misc real property | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 05/25/2005 | **Answer** | 07/24/2005 | **Rule12/19/20** | 07/24/2005 |
| **Rule 15** | 07/24/2005 | **Discovery** | 12/21/2005 | **Rule 56** | 01/20/2006 |
| **Final PTC** | 02/19/2006 | **Disposition** | 04/20/2006 | **Jury Trial** | No |

## PARTIES

**Plaintiff**
Richard Monahan
Salisbury, MA 01952
Active 02/24/2005

**Private Counsel 558381**
Doreen M Zankowski
Hinckley Allen & Snyder
28 State Street
Boston, MA 02109-1775
Phone: 617-345-9000
Fax: 617-345-9020
Active 02/24/2005 Notify

**Defendant**
Town of Salisbury
Salisbury, MA 01952
Served: 03/04/2005
Served (answr pending) 03/09/2005

**Defendant**
Richard A Wahley
Salisbury, MA 01952
as member Salisbury Conservation Commission
Served: 03/04/2005
Served (answr pending) 03/09/2005

**Defendant**
Alexander Iora
Salisbury, MA 01952
as member Salisbury Conservation Commission
Served: 03/04/2005
Served (answr pending) 03/09/2005



A TRUE COPY
DEPUTY ASS'T

## ESCV2005-00311
## Monahan v Town of Salisbury et al

**Defendant**
Kevin Avery
Salisbury, MA 01952
as member Salisbury Conservation Commission
Served: 03/04/2005
Served (answr pending) 03/09/2005


**Defendant**
Patricia Fowler
Salisbury, MA 01952
as member Salisbury Conservation Commission
Served: 03/04/2005
Served (answr pending) 03/09/2005


**Defendant**
David Holscher
Salisbury, MA 01952
as member Salisbury Conservation Commission
Served: 03/04/2005
Served (answr pending) 03/09/2005


**Defendant**
Thomas Hughes
Salisbury, MA 01952
as member Salisbury Conservation Commission
Served: 03/04/2005
Served (answr pending) 03/09/2005


**Defendant**
Jane Purinton
Salisbury, MA 01952
as member Salisbury Conservation Commission
Served: 03/04/2005
Served (answr pending) 03/09/2005


A TRUE COPY ATTEST

---

### ENTRIES

| Date | Paper | Text |
|------|-------|------|
| 02/24/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 02/24/2005 | | Origin 1, Type C99, Track F. |
| 03/09/2005 | 2.0 | SERVICE RETURNED: Town of Salisbury(Defendant) certified mail, return receipt |
| 04/04/2005 | 3.0 | Certified copy pf Notice for Removal to the United States District Court filed by Town of Salisbury |
| 04/04/2005 | 4.0 | ORDER transferring case to United States District Court |

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION NO. _____

5 0311

D

|  |  |
|---|---|
| RICHARD MONAHAN,<br><br>Plaintiff,<br><br>v.<br><br>THE TOWN OF SALISBURY,<br><br>and<br><br>RICHARD A. WHALEY, IORA<br>ALEXANDER, KEVIN AVERY,<br>PATRICIA FOWLER, DAVID<br>HOLSCHER, THOMAS<br>HUGHES, AND JANE PURINTON<br><br>as they are<br><br>THE CONSERVATION COMMISSION<br>OF THE TOWN OF SALISBURY<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **VERIFIED COMPLAINT**

Plaintiff, Richard Monahan brings this action to quash the decision of the Salisbury

Conservation Commission denying Plaintiff's application to install and maintain an accessory

use on his parcel, namely a narrow patio area directly off the back of the Plaintiff's home which

includes a small fence around the patio.

## **CAUSE OF ACTION**
## **AND**
## **PARTIES**

A TRUE COPY, ATTEST
_Paula T. Melnick_
DEPUTY ASS'T. CLERK

1.    This is a civil action in the nature of a certiorari brought pursuant to the provisions of M.G.L. c. 249, § 4 to review the decision of the Salisbury Conservation Commission.

2.    Plaintiff Richard Monahan ("Monahan") is an individual who resides at 479 North End Boulevard, Salisbury, MA.

3.    Defendant Salisbury Conservation Commission (the "Commission") is a duly authorized unit of the Town of Salisbury, Massachusetts, and has been delegated the authority to administer the Massachusetts Wetlands Protection Act, G.L. c.131, §40 (the "Wetlands Act") and the Town of Salisbury Wetlands Protection Bylaw (the "Bylaw") in the Town of Salisbury. The Commission has an office located at 5 Beach Road, Salisbury, Massachusetts 01952.

4.    There is not provision under statue, There is no provision under statute, bylaw or regulation for review of the Commission's action under the Bylaw other than the Complaint which the Plaintiff now files under the provisions of M.G.L. c. 249 § 4.

## FACUAL BACKGROUND

5.    Monahan is the owner of a parcel located at 479 North End Boulevard, Salisbury, Massachusetts ("the "Property").

6.    North End Boulevard, also known as Route 1A, runs north to south, with a barrier beach to the west (slightly southwest) of the parcel.

7.    Monahan desires to construct and maintain an accessory use on the parcel, namely a narrow patio area directly off the back of the Plaintiff's home including a small fence.

8.    The construction materials for the patio are porous brick – permeable to liquids.

9.    The fence is a 2-3 foot high fence, made of slats that are spaced at 3-4 inch intervals.

10.    Monahan originally had a small wooden elevated 10' x 12' shed located on the parcel, which he voluntarily removed on May 1, 2004.

11.    Monahan voluntarily removed the shed because he was informed by the Defendants that the shed was located in an alleged "no build" buffer zone under the Bylaw.

12.    On or about May 27, 2004, Monahan filed a Notice of Intent (the "Notice of Intent") with the Commission outlining his intention to construct and maintain a small patio area with a fence.

13.    The filing of the Notice of Intent was necessary because the limited construction of the patio and fence was within the landward side of a beach barrier area, hence in an area alleged to be under the jurisdiction of the Commission.

14.    The shed was within 20 feet of the salt marsh (wetlands area) and thus, was voluntarily removed.

15.    The patio and fence is more than 25 feet from the salt marsh (wetlands area) at its closest point, thus, outside the so-called "no build" zone.

16.    The site is stabilized and the fence and patio placement does not prohibit nature dune migration.

17.    The patio materials are porous and thus do not inhibit drainage, nor do they cause any erosion or other problems harmful to the environment.

18.    Plaintiff engaged a consultant, Scott Goddard of Carr Research Labs, Inc., who opined to the Commission that the porous patio and de minimis fencing did not disturb the environment in any harmful, material or significant manner.

19.    The effect of the patio and fence on the barrier beach area at issue would be negligible.

20.    The Commission, however, issued an Order of Conditions (the "Order of Conditions") that purported to deny the project. A true and accurate copy of the Order of Conditions is attached hereto as Exhibit A, which Monahan received on or about December 27, 2004.

21.    In its Order of Conditions, the Commission admits that the hearing was closed on September 1, 2004, yet the Order of Conditions was not issued until December 21, 2004, some 112 days after the close of the hearing.

22.    By its own Bylaw, the Commission is required to provide the Order of Conditions within 21 days after the close of the hearing, otherwise, the Applicant's, in this case Monahan's, due process rights are being violated.

23.    In its Order of Conditions, the Commission asserted that Monahan's proposal did not meet the requirements for the local bylaw, "no-build and no distrurb" zones, of 40 feet and 25 feet respectively.

24.    Plaintiff, Monahan, voluntarily removed the elevated wooden shed from the so-called "no-build" zone. Said shed was removed prior to the Plaintiff's filing of the Notice of Intent.

25.    Plaintiff removed the shed as an act of good faith and in the spirit of cooperation with the Commission.

26.    The patio and fence areas are not in the 25' "no build" zone.

27.    The patio and fence area is in the 40' "no disturb" zone.

28. It should be noted that Plaintiff's house, major portions of Route 1A, and numerous other homes along North End Boulevard are in the 40' no disturb zone.

29. The Defendants' decision is arbitrary and capricious given the nature of the ancillary structures (porous patio brick and a small architectural fence), and the fact that the Defendants allow driveways and other structures, including patios, fences, portions of homes, etc. to be constructed in the 40' "no disturb" zone.

30. The 40' "no disturb" zone does not prohibit buildings or structures in the so-called zone, it merely requires that the structure or the building do not damage, or at least minimize damage to the greatest extent possible, any disturbance to the resource area.

31. The Commission's decision was arbitrary, capricious, unreasonable, legally untenable, contained multiple errors of law, was not based on substantial evidence, and was in excess of the Commission's authority.

32. The Plaintiff has suffered substantial hardship due to the action of the Commission.

33. The Commission's decision is not otherwise reviewable except through an action in the nature of certiorari under G.L. c.249, §4.

## COUNT 1

34. For the foregoing reasons among others, the Commission's decision was not supported by substantial evidence.

## COUNT 2

35. For the foregoing reasons among others, the Commission's decision was arbitrary, capricious, and erroneous as a matter of law.

## COUNT 3

36.    For the foregoing reasons among others, the Commission's decision exceeds the scope of its jurisdiction under the Bylaw.

## COUNT 4

37.    For the foregoing reasons among others, the action of the Commission constitutes a taking of the Plaintiff's property, without compensation, thus denying this rights under Part One, Article X of the Massachusetts Constitution and the Fifth and Fourteenth Amendments of the U.S. Constitution.

## COUNT 5

38.    For the foregoing reasons among others, the action of the Commission violates the Plaintiffs' equal protection rights under the Massachusetts Constitution and the Fifth and Fourteenth Amendments of the U.S. Constitution.

## COUNT 6

39.    The portion of the Bylaw that purports to grant the Commission jurisdiction over the so-called "no disturb" zone exceeds the permissible purposes and authority of local wetlands bylaws and thus is null and void.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Richard Monahan respectfully requests that this Court:

A.    Enter an order in the nature of certiorari under G.L. c.249, §4 quashing the Commission's denial under the Bylaw and directing the Commission to issue a new Order of Conditions order approving the Plaintiff's application.

B.     Grant such other and further relief as the Court may deem proper.

Respectfully submitted,

RICHARD MONAHAN
By his Attorney,

Doreen M. Zankowski (BBO #558381)
HINCKLEY, ALLEN & SNYDER LLP
28 State Street
Boston, Massachusetts 02109
(617) 345-9000
(617) 345-9020 (FAX)


## VERIFICATION


I, Richard Monahan, being duly sworn, state and verify that I have read the allegations contained herein, and that they are true and accurate to the best of my personal knowledge and belief.

Signed under the penalties of perjury this _____5_____ day of January, 2005.

Richard Monahan

**EXHIBIT A**

Copy of Denial Under Town's Wetland Bylaw

Dec. 27 2004 11:50AM  MONAHAN                    7818935453              p.2



Rc'd 12/27/04



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection – Wetlands

DEP File Number:

# WPA Form 5 – Order of Conditions

65-642

Massachusetts Wetlands Protection Act M.G.L. c. 131, §40 &
The Town of Salisbury Wetland Protection Bylaw

## A. General Information

**Important:**
When filling
out forms on
the computer,
use only the
tab key to
move your
cursor – do not
use the return
key.

From: **_Salisbury_**
1. Conservation Commission

2. This issuance is for (check one):    ☒ Order of Conditions    ☐ Amended Order of Conditions

3. To:   Applicant:

| Richard | Monahan | |
|---|---|---|
| a. First Name | b. Last Name | c. Company |

88 Candlewood Drive
d. Mailing Address

| Waltham | MA | 02451-1309 |
|---|---|---|
| e. City/Town | f. State | g. Zip Code |

4. Property Owner (if different from applicant):

| Same | | |
|---|---|---|
| a. First Name | b. Last Name | c. Company |

d. Mailing Address

| | | |
|---|---|---|
| e. City/Town | f. State | g. Zip Code |

5. Project Location:

| 479 North End Boulevard, | Salisbury, MA 01952 |
|---|---|
| a. Street Address | b. City/Town |

| 36 | 1 |
|---|---|
| c. Assessors Map/Plat Number | d. Parcel/Lot Number |

Latitude and Longitude, if known (**note:**
electronic filers will click for GIS locator):

| 42.865829 | -70.818326 |
|---|---|
| e. Latitude | f. Longitude |

6. Property recorded at the Registry of Deeds for (attach additional information if more than one parcel):

| South Essex | 74308, Docu8ment #397688 |
|---|---|
| a. County | b. Certificate (if registered land) |

| | |
|---|---|
| c. Book | d. Page |

7. Dates:

| 6/1/2004 | 9/1/2004 | 12/21/2004 |
|---|---|---|
| a. Date Notice of Intent Filed | b. Date Public Hearing Closed | c. Date of Issuance |

8. Final Approved Plans and Other Documents (attach additional plan or document references as
needed):

a. Plan Title

| | |
|---|---|
| b. Prepared By | c. Signed and Stamped by |

| | |
|---|---|
| d. Final Revision Date | e. Scale |

| f. Additional Plan or Document Title | | g. Date |
|---|---|---|

9. Total WPA Fee Paid:

| $55.00 | $15.00 | $40.00 |
|---|---|---|
| a. Total Fee Paid | b. State Fee Paid | c. City/Town Fee Paid |

Dec 27 2004 11:52AM  MONAHAN                     7818935453                          p.5



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection – Wetlands

# WPA Form 5 – Order of Conditions

Massachusetts Wetlands Protection Act M.G.L. c. 131, §40 &
The Town of Salisbury Wetland Protection Bylaw

DEP File Number:

__65-642__

## C. General Conditions Under Massachusetts Wetlands Protection Act

(only applicable to approved projects)

1.  Failure to comply with all conditions stated herein, and with all related statutes and other regulatory measures, shall be deemed cause to revoke or modify this Order.

2.  The Order does not grant any property rights or any exclusive privileges; it does not authorize any injury to private property or invasion of private rights.

3.  This Order does not relieve the permittee or any other person of the necessity of complying with all other applicable federal, state, or local statutes, ordinances, bylaws, or regulations.

4.  The work authorized hereunder shall be completed within three years from the date of this Order unless either of the following apply:
    a.  the work is a maintenance dredging project as provided for in the Act; or
    b.  the time for completion has been extended to a specified date more than three years, but less than five years, from the date of issuance. If this Order is intended to be valid for more than three years, the extension date and the special circumstances warranting the extended time period are set forth as a special condition in this Order.

5.  This Order may be extended by the issuing authority for one or more periods of up to three years each upon application to the issuing authority at least 30 days prior to the expiration date of the Order.

6.  Any fill used in connection with this project shall be clean fill. Any fill shall contain no trash, refuse, rubbish, or debris, including but not limited to lumber, bricks, plaster, wire, lath, paper, cardboard, pipe, tires, ashes, refrigerators, motor vehicles, or parts of any of the foregoing.

7.  This Order is not final until all administrative appeal periods from this Order have elapsed, or if such an appeal has been taken, until all proceedings before the Department have been completed.

8.  No work shall be undertaken until the Order has become final and then has been recorded in the Registry of Deeds or the Land Court for the district in which the land is located, within the chain of title of the affected property. In the case of recorded land, the Final Order shall also be noted in the Registry's Grantor Index under the name of the owner of the land upon which the proposed work is to be done. In the case of the registered land, the Final Order shall also be noted on the Land Court Certificate of Title of the owner of the land upon which the proposed work is done. The recording information shall be submitted to this Conservation Commission on the form at the end of this Order, which form must be stamped by the Registry of Deeds, prior to the commencement of work.

9.  A sign shall be displayed at the site not less then two square feet or more than three square feet in size bearing the words,

"Massachusetts Department of Environmental Protection" [or, "MA DEP"]

"File Number    __65-642__    "



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands

# WPA Form 5 – Order of Conditions

Massachusetts Wetlands Protection Act M.G.L. c. 131, §40 &
The Town of Salisbury Wetland Protection Bylaw

DEP File Number:

**65-642**

## C. General Conditions Under Massachusetts Wetlands Protection Act

10. Where the Department of Environmental Protection is requested to issue a Superseding Order, the Conservation Commission shall be a party to all agency proceedings and hearings before DEP.

11. Upon completion of the work described herein, the applicant shall submit a Request for Certificate of Compliance (WPA Form 8A) to the Conservation Commission.

12. The work shall conform to the plans and special conditions referenced in this order.

13. Any change to the plans identified in Condition #12 above shall require the applicant to inquire of the Conservation Commission in writing whether the change is significant enough to require the filing of a new Notice of Intent.

14. The Agent or members of the Conservation Commission and the Department of Environmental Protection shall have the right to enter and inspect the area subject to this Order at reasonable hours to evaluate compliance with the conditions stated in this Order, and may require the submittal of any data deemed necessary by the Conservation Commission or Department for that evaluation.

15. This Order of Conditions shall apply to any successor in interest or successor in control of the property subject to this Order and to any contractor or other person performing work conditioned by this Order.

16. Prior to the start of work, and if the project involves work adjacent to a Bordering Vegetated Wetland, the boundary of the wetland in the vicinity of the proposed work area shall be marked by wooden stakes or flagging. Once in place, the wetland boundary markers shall be maintained until a Certificate of Compliance has been issued by the Conservation Commission.

17. All sedimentation barriers shall be maintained in good repair until all disturbed areas have been fully stabilized with vegetation or other means. At no time shall sediments be deposited in a wetland or water body. During construction, the applicant or his/her designee shall inspect the erosion controls on a daily basis and shall remove accumulated sediments as needed. The applicant shall immediately control any erosion problems that occur at the site and shall also immediately notify the Conservation Commission, which reserves the right to require additional erosion and/or damage prevention controls it may deem necessary. Sedimentation barriers shall serve as the limit of work unless another limit of work line has been approved by this Order.

Special Conditions:

If you need more space for additional conditions, select box to attach a text document ☐

_____

_____

_____

_____

_____



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection – Wetlands
# WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40  &
The Town of Salisbury Wetland Protection Bylaw

DEP File Number:

**65-642**

## D. Findings Under Municipal Wetlands Bylaw or Ordinance

1.  Furthermore, the _Salisbury_ hereby finds (check one that applies):
    Conservation Commission

2.  ☒ that the proposed work cannot be conditioned to meet the standards set forth in a municipal ordinance or bylaw specifically: _Salisbury Wetland Bylaw_ _400.25 No Build – No Disturb_
    a. Municipal Ordinance or Bylaw                                            b. Citation

    Therefore, work on this project may not go forward unless and until a revised Notice of Intent is submitted which provides measures which are adequate to meet these standards, and a final Order of Conditions is issued.

3.  ☐ that the following additional conditions are necessary to comply with a municipal ordinance or bylaw:

    _____
    a. Municipal Ordinance or Bylaw                                            b. Citation

    The Commission orders that all work shall be performed in accordance with the following conditions and with the Notice of Intent referenced above. To the extent that the following conditions modify or differ from the plans, specifications, or other proposals submitted with the Notice of Intent, the conditions shall control.

If you need more space for additional conditions, select box to attach a text document ☐

c.  The special conditions relating to municipal ordinance or bylaw are as follows:

    _____

    _____

    _____

    _____

Dec 27 2004 11:56AM  MONAHAN                    7818935453              p.8



**Massachusetts Department of Environmental Protection**
Bureau of Resource Protection - Wetlands
## WPA Form 5 – Order of Conditions
Massachusetts Wetlands Protection Act M.G.L. c. 131, §40

DEP File Number:

65-642

## E. Issuance

This Order is valid for three years, unless otherwise specified as a special condition pursuant to General Conditions #4, from the date of issuance. Please indicate the number of members who will sign this form: This Order must be signed by a majority of the Conservation Commission. The Order must be mailed by certified mail (return receipt requested) or hand delivered to the applicant. A copy also must be mailed or hand delivered at the same time to the appropriate Department of Environmental Protection Regional Office, if not filing electronically, and the property owner, if different from applicant.

1. Date of Issuance  12/21/2004

2. Number of Signers  4

Signatures:

_signatures_  11-3-04
Patricia Fowler  11-3-04
_signature_  11-3-04
_signature_  11-3-04

### Notary Acknowledgement

Commonwealth of Massachusetts County of  Essex

On this  21st  of  December  2004
          Day          Month        Year

Before me, the undersigned Notary Public, personally appeared  Richard A. Whaley
                                                      Name of Document Signer

proved to me through satisfactory evidence of identification, which was/were

Personally Known By Notary
Description of evidence of identification

to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he/she signed it voluntarily for its stated purpose.

As member of  Salisbury                Conservation Commission
              City/Town

LIZ M. WOOD
Notary Public
Commonwealth of Massachusetts
My Commission Expires Aug 28, 2009

Signature of Notary Public  Liz M. Wood

Printed Name of Notary Public  Liz M. Wood

My Commission Expires (Date)  August 28, 2009

Place notary seal and/or any stamp above

This Order is issued to the applicant as follows:

☐ by hand delivery on

_____
Date

☑ by certified mail, return receipt requested, on

12/21/2004
Date

wpaform5.doc • rev. 11/2004

Page 7 of 8

wpaform5.doc • rev. 12/21/04

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 5 6311 | Trial Court of Massachusetts Superior Court Department County: **Essex** |
|---|---|---|

**PLAINTIFF(S)**
*Richard Monahan*

**DEFENDANT(S)**
*The Town of Salisbury, et als.*

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE **(617) 345-9000**
*Doreen M. Zankowski, Hinckley Allen & Snyder*
*28 State Street, Boston, MA 02109*
Board of Bar Overseers number: **558381**

ATTORNEY (if known)

## Origin code and track designation

Place an x in one box only:
- [X] 1. FO1 Original Complaint
- [ ] 2. FO2 Removal to Sup.Ct. C.231, s.104 (Before trial) (F)
- [ ] 3. FO3 Retransfer to Sup.Ct. C.231, s. 102C (X)
- [ ] 4. FO4 District Court Appeal c. 231, s. 97 & 104 (After trial) (X)
- [ ] 5. FO5 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| *C99* | *Certiorari* | *(F)* | ( ) Yes  (*X*) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ___ $
2. Total Doctor expenses ___ $
3. Total chiropractic expenses ___ $
4. Total physical therapy expenses ___ $
5. Total other expenses (describe) ___ $

Subtotal $

B. Document lost wages and compensation to date ___ $
C. Documented property damages to date ___ $
D. Reasonably anticipated future medical and hospital expenses ___ $
E. Reasonably anticipated lost wages ___ $
F. Other documented items of damages (describe) ___ $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe) ___ $

TOTAL $

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claims(s):

A TRUE COPY. ATTEST
*Paula T. Mcdwell*
DEPUTY ASST. CLERK

TOTAL $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record ___  DATE: **2/24/05**

AOTC-6 mtc005- 11/99
A.O.S.C. 1-2000

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET# **ESCV2005-00311-D**

RE:   **Monahan v The Town of Salisbury et al**

TO:Doreen M Zankowski, Esquire
Hinckley Allen & Snyder
28 State Street
Boston, MA 02109-1775

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 05/25/2005 |
| Response to the complaint filed (also see MRCP 12) | 07/24/2005 |
| All motions under MRCP 12, 19, and 20 filed | 07/24/2005 |
| All motions under MRCP 15 filed | 07/24/2005 |
| All discovery requests and depositions completed | 12/21/2005 |
| All motions under MRCP 56 served and heard | 01/20/2006 |
| Final pre-trial conference held and firm trial date set | 02/19/2006 |
| Case disposed | 04/20/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session **D** sitting in **CtRm 2 (Lawrence) at Essex Superior Court.**

Dated: 02/25/2005

Thomas H. Driscoll Jr.
Clerk of the Courts

BY: Philip Massa
Assistant Clerk

Location: CtRm 2 (Lawrence)
Telephone: (978) 687-7463

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

A TRUE COPY, ATTEST

_Paula J. Molrick_

DEPUTY ASS'T. CLERK

2

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT -
CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 05-311-D

Richard Monahan

................................................................................ , Plaintiff(s)

*v.*

The Town of Salisbury, et als

................................................................................ , Defendant(s)

## SUMMONS

To the above named Defendant: Mr. Neil Harrington, Town Manager, Town of Salisbury, 5 Beach Road
Salisbury, MA 01952

You are hereby summoned and required to serve upon _____ Doreen M. Zankowski, Esq. _____ ,

plaintiff's attorney, whose address is Hinckley, Allen & Snyder, LLP, 28 State St., , an answer to the
Boston, MA 02109

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

_____ Salem _____ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the    2nd
day of   March           , in the year of our Lord two thousand
and five.

A TRUE COPY, ATTEST

*Paula H. Melnick*
DEPUTY ASST. CLERK

*Thomas H. Driscoll Jr.*
*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                              SUPERIOR COURT DEPARTMENT
                                        CIVIL ACTION NO. 05-311-D

```
                                    )
RICHARD MONAHAN,                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )
                                    )
THE TOWN OF SALISBURY,              )
                                    )
and                                 )
                                    )
RICHARD A. WHALEY, IORA             )
ALEXANDER, KEVIN AVERY,             )
PATRICIA FOWLER, DAVID              )
HOLSCHER, THOMAS                    )
HUGHES, AND JANE PURINTON           )
                                    )
            as they are             )
                                    )
THE CONSERVATION COMMISSION         )
OF THE TOWN OF SALISBURY            )
                                    )
            Defendants.             )
                                    )
```

## PROOF OF SERVICE

On March 2, 2005, I mailed a copy of the Complaint, Civil Action Cover Sheet,

Summons directed to Mr. Neil Harrington, Town Manager by certified mail, return

receipt requested to Town of Salisbury, 5 Beach Road, Salisbury, MA. The original

signed return receipt is attached hereto.

SIGNED UNDER THE PENALTIES OF PERJURY this 8th day of March,

2005.

#519815

RICHARD MONAHAN
By his attorneys,

Doreen M. Zankowski, BBO#558381
HINCKLEY, ALLEN & SNYDER LLP
28 State Street
Boston, MA 02109
(617) 345-9000

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _____ ☐ Agent ☐ Addressee <br> B. Received by ( Printed Name )  C. Date of Delivery  3/04/05 |
| 1. Article Addressed to: <br><br> Mr. Neil Harrington, Town Manager <br> Town of Salisbury <br> 5 Beach Road <br> Salisbury, MA 01952 | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No <br><br><br> 3. Service Type <br> ☒ Certified Mail  ☐ Express Mail <br> ☐ Registered  ☒ Return Receipt for Merchandise <br> ☐ Insured Mail  ☐ C.O.D. <br> 4. Restricted Delivery? *(Extra Fee)*  ☐ Yes |
| 2. Article Number <br> *(Transfer from service label)* | 7003 3110 0001 6140 0520 |
| ⸝ Form 3811, February 2004 | Domestic Return Receipt  102595-02-M-1540 |

2

#519815

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CA NO

RICHARD MONAHAN,

Plaintiff

**05    10649 WGY**

v.

TOWN OF SALISBURY, and RICHARD A.
WHALEY, IORA ALEXANDER, KEVIN
AVERY, PATRICIA FOWLER, DAVID
HOLSCHER, THOMAS HUGHES, and JANE
PURINTON, as they are the
CONSERVATION COMMISSION OF THE
TOWN OF SALISBURY,

NOTICE OF REMOVAL

Defendants

I hereby certify on 4/1/05 that the
foregoing document is true and correct copy of
☐ electronic docket in the captioned case
☐ electronically filed original filed on
☐ original filed in my office on 4/1/05

Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts

By:
Deputy Clerk

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS:

Defendants Town of Salisbury and Salisbury Conservation Commission, pursuant to the

provisions of 28 U.S.C. §§1441 and 1446, hereby file a Notice of Removal of this action from

the Superior Court of the Commonwealth of Massachusetts, County of Essex, where it is

currently pending, based upon the following grounds:

(1)     Plaintiff alleges, in part, that the actions of the Defendant Salisbury Conservation

Commission complained of in the Complaint violated his rights of equal protection and

constituted a taking of the Plaintiff's property, without compensation, both claims under

the Fifth and Fourteenth Amendments to the United States Constitution. A copy of the

Complaint, purporting to commence an action against the Defendants in the Essex

A TRUE COPY, ATTEST
Paula M. Melnick
DEPUTY ASST CLERK

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET# **ESCV2005-00311**

Monahan

vs.

Town of Salisbury et al

---

### ORDER OF TRANSFER (remand)

Pursuant to Massachusetts General Laws Chapter 231, Section 102C, as amended, and in accordance with Superior Court Rule 29, the above referenced case is

ORDER transferring case to United States District Court

Dated at Lawrence, Massachusetts this 12th day of April, 2005.

Thomas H. Driscoll Jr.,
Clerk of the Courts

BY: ....................................
Deputy Assistant Clerk

Telephone: (978) 687-7463

A TRUE COPY ATTEST

cvdremandc_1.wpd 539540 ortracas melnickp