UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 1:05-cv-10649-WGY

| | |
|---|---|
| RICHARD MONAHAN,<br><br>    Plaintiff<br><br>v.<br><br>TOWN OF SALISBURY, and RICHARD A. WHALEY, IORA ALEXANDER, KEVIN AVERY, PATRICIA FOWLER, DAVID HOLSCHER, THOMAS HUGHES, and JANE PURINTON, as they are the CONSERVATION COMMISSION OF THE TOWN OF SALISBURY,<br><br>    Defendants | ANSWER |

The defendants, Town of Salisbury, and Richard A. Whaley, Iora Alexander, Kevin Avery, Patricia Fowler, David Holscher, Thomas Hughes, and Jane Purinton, as they are the Conservation Commission of the Town of Salisbury, (collectively referred to herein as the "Commission") hereby respond to the numbered paragraphs of the Verified Complaint as follows:

As to the introductory paragraph, the Complaint speaks for itself. Admitted that the Conservation Commission denied plaintiff's application to ratify the installation of a patio area that had been performed in violation of the Wetlands Protection Act ("WPA") and Town of Salisbury Wetlands Protection Bylaw ("Bylaw").

## CAUSE OF ACTION AND PARTIES

1.  The Complaint speaks for itself.

2. The Commission is without sufficient information or knowledge to enable it to admit or deny the allegations set forth in Paragraph 2.

3. Admitted.

4. Paragraph 4 of the Complaint constitutes a pure conclusion of law to which no response is required. To the extent Paragraph 4 contains allegations of fact, they are denied.

## FACTUAL BACKGROUND

5. The Commission is without sufficient information or knowledge to enable it to admit or deny the allegations set forth in Paragraph 5.

6. Admitted that North End Boulevard is also known as Route 1A and runs north to south. Denied as to the remaining allegations of Paragraph 6.

7. The Commission is without sufficient information or knowledge to enable it to admit or deny the allegations set forth in Paragraph 7.

8. The Commission is without sufficient information or knowledge to enable it to admit or deny the allegations set forth in Paragraph 8.

9. The Commission is without sufficient information or knowledge to enable it to admit or deny the allegations set forth in Paragraph 9.

10. Admitted that a shed was located on the plaintiff's property and that he removed it after receiving an enforcement order from the Commission.

11. The Commission is without sufficient information or knowledge to enable it to admit or deny why the plaintiff removed the shed.

12. Admitted that the plaintiff filed a Notice of Intent, but denied as to the date of such filing. The Notice of Intent in its entirety, speaks for itself.

13. The Commission is without sufficient information or knowledge to enable it to admit or deny the allegations set forth in Paragraph 13.

14. Denied that the shed was outside the salt marsh. The Commission is without sufficient information or knowledge to enable it to admit or deny the allegations as to why the plaintiff removed the shed.

15. Admitted that the patio and fence are more than 25 feet from the salt marsh area wetland area. Denied as to the remaining allegations of Paragraph 15.

16. The Commission is without sufficient information or knowledge to enable it to admit or deny the allegations set forth in Paragraph 16.

17. The Commission is without sufficient information or knowledge to enable it to admit or deny the allegations set forth in Paragraph 17.

18. Admitted that plaintiff's agent, Mr. Goddard opined that porous patio and fencing proposed by the plaintiff did not disturb the environment. Denied as to the remaining allegations of Paragraph 18.

19. The Commission is without sufficient information or knowledge to enable it to admit or deny the allegations set forth in Paragraph 19.

20. Admitted that the Commission issued the Order of Conditions and that a true and accurate copy of which is attached to the Complaint as Exhibit A. Said Order of Conditions, in its entirety, speaks for itself.

21. The Order of Conditions, in its entirety, speaks for itself.

22. The Town of Salisbury Bylaws speaks for themselves. The remaining allegations of Paragraph 22 constitute a pure conclusion of law to which no response is required.

23. The Order of Conditions, in its entirety, speaks for itself.

24. The Commission is without sufficient information or knowledge to enable it to admit or deny the allegations set forth in Paragraph 24.

25. The Commission is without sufficient information or knowledge to enable it to admit or deny the allegations set forth in Paragraph 25.

26. Denied.

27. Denied.

28. Paragraph 28 constitutes a pure conclusion of law to which no response is required.

29. Denied.

30. Paragraph 30 constitutes a pure conclusion of law to which no response is required.

31. Denied.

32. Denied.

33. Paragraph 33 constitutes a pure conclusion of law to which no response is required.

## COUNT I

34. Denied.

## COUNT II

35. Denied.

## COUNT III

36. Denied.

## COUNT VI

37. Denied.

4

## COUNT V

38.     Denied.

## COUNT VI

39.     Denied.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Count I-III of the Complaint is barred by the applicable statute of limitations.

### THIRD DEFENSE

Count IV should be dismissed for lack of ripeness

### FOURTH DEFENSE

Plaintiff's equal protection claim in Count V should be dismissed for failure to identify others similarly situated which it alleges were treated differently by defendants and failure to plead the requisite arbitrary and capricious action, unrelated to legitimate governmental purposes.

### FIFTH DEFENSE

On Counts IV, V and VI, the Town may not be liable pursuant to the doctrine of respondeat superior, and the plaintiff has not alleged facts establishing a municipal policy or unconstitutional conduct or deliberate indifference thereto, attributable to the Town's policy makers, resulting in injury or damage.

## SIXTH DEFENSE

Plaintiffs have failed to allege conduct comprising threats, intimidation and coercion, and cannot therefore recover under the Massachusetts Civil Rights Act.

## SEVENTH DEFENSE

The Defendants deny all of plaintiff's allegations of wrongful conduct and state that they were at all relevant times public officials acting within the scope of their office employment in good faith, and in the reasonable belief that their actions were lawful.

## EIGHTH DEFENSE

The alleged acts or omissions of the Town, its agents or employees, were not the cause, proximate or otherwise, of the alleged injury or damage.

## NINTH DEFENSE

Any injury or damage suffered by the plaintiff, to the extent actually incurred, were caused by reason of plaintiff's own wrongful acts, reckless misconduct or negligence.

## TENTH DEFENSE

The Town of Salisbury is immune from liability pursuant to G.L. c.12 §11H and I.

## ELEVENTH DEFENSE

The Complaint fails to state a claim for which punitive damages are available against any defendant.

## TWELFTH DEFENSE

The claims arising out of the subject matter of the occurrences alleged are barred as the defendant was enforcing state and local law in good faith.

## THIRTEENTH DEFENSE

The actions and conduct of the defendants, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which they were aware, and they enjoy qualified immunity from suit and liability.

## FOURTEENTH DEFENSE

The actions and conduct of the defendant did not violate any clearly established constitutional or statutory rights of which he reasonably should have been aware, and he is therefore entitled to qualified immunity.

## FIFTEENTH DEFENSE

The action filed by the plaintiff is frivolous, wholly unsubstantial and not advanced in good faith, entitling the defendant to the recovery of all costs, expenses and attorneys' fees associated with the defense of this case.

## JURY CLAIM

The defendants respectfully demand a trial by jury.

DEFENDANTS,

TOWN OF SALISBURY, SALISBURY CONSERVATION COMMISSION,

Deborah A. Eliason (BBO# 544180)
Katharine Goree Doyle (BBO# 634131)
Kopelman and Paige, P.C.
  Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

Date: July 15, 2005

252740/Sali/0147