UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MONAHAN )<br>    Plaintiff )<br>v. )<br> )<br>TOWN OF SALISBURY, and RICHARD )<br>A. WHALEY, IORA ALEXANDER, )<br>KEVIN AVERY, PATRICIA FOWLER )<br>DAVID HOLSCHER, THOMAS HUGHES )<br>And JANE PURINTON, as they are the )<br>CONSERVATION COMMISSION OF )<br>THE TOWN OF SALISBURY )<br>    Defendants )<br> ) | Civil Action No. 05-10649WGY |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff Richard Monahan ("Monahan"), by counsel, respectfully submits this Memorandum in Opposition to the motion submitted by Defendants, collectively referred to herein as the "Town," for partial judgment on the pleadings in this action ("Motion"). As argued herein, the Town's Motion must be denied because Monahan has stated a timely claim for relief pursuant to M.G.L. c. 249, § 4. Moreover, Defendants' Motion is premature as to Counts IV and V of the Complaint as they assert claims resulting from disparate treatment by Monahan, whereby he is being denied the full value and use of his property, which such claims state a cause of action and are subject to further discovery in this matter. While the Town may allege that certain claims are not properly before this Court, it must be duly noted that its was Defendants that sought removal of this dispute to this Court, bringing the resolution of a local wetlands matter into the federal realm. Defendants have presented no undisputed evidence sufficient for judgment before this Court and accordingly, Monahan's claims must stand.

## BACKGROUND

Plaintiff Monahan is the owner of a residence located at 479 North End Boulevard in Salisbury, Massachusetts (the "Property"). North End Boulevard is also known as Route 1A. This case involves a dispute over Monahan's placing of porous brick patio stones adjacent to his home, in what is known as a "no-disturb" buffer zone to a nearby protected wetlands area. The "no-disturb" zone extends approximately 40 feet from the nearby barrier beach and salt marsh. It is Monahan's understanding that portions of Route 1A, along with numerous other structures, residences and attached decks in Salisbury are in the "no-disturb" zone. Monahan's Property was littered with what appeared to be construction debris from the nearby houses that were recently built, which such debris was removed and the area cleared and restored as part of the placement of the patio. Monahan's placement of the patio is stabilized and does not inhibit the flow of dunes and because of the porous nature of the brick patio, does not inhibit drainage or lead to erosion. Monahan's environmental consultant opined that the patio does not disturb the natural environment in any harmful, material or significant manner.

On or about May 27, 2004, Monahan filed a Notice of Intent (the "NOI") with the Town Conservation Commission outlining his intention to maintain the patio and a small 2-3 foot high fence on his property. The locations of the patio and fence are not within is not within any protected wetlands areas, a "no-build" zone, but are instead in the buffer zone which merely should not be disturbed.

The Town, however, issued an Order of Conditions (the "Order") dated December 21, 2004 that purported to deny the limited project Marsh requested to maintain. The Order was not issued until approximately 112 days after the Town closed the proceedings. The Order was subsequently mailed to Monahan. The Town's s denial was arbitrary and capricious, as there

was evidence presented of the numerous structures, driveways and uses that the Town has permitted within the "no-disturb" zone. Moreover, the Town acted arbitrarily in ignoring Monahan's evidence of his improvement to the lot and restoration of the property, removing the debris and the findings presented by the environmental consultant.

Monahan has subsequently discussed and indicated amenability to replacing the patio with an elevated wooden deck in the same location, which the Massachusetts Department of Environmental Protection agreed would be permissible. The Town, however, has refused Monahan's plea to resolve the matter without substantial litigation.

## DISCUSSION

The Defendants' Motion is styled as a Motion pursuant to Fed.R.Civ.P. 12(c) for judgment on the pleadings, after the close of evidence. However, Defendants ultimately argue matters styled under the Rule 12(b)(6) and Rule 12(b)(1) standards. While a Rule 12(c) motion is brought at the close of pleadings, Defendants' wrongly point to the lack of evidence as would customarily be brought forth in discovery as reason to dismiss certain of Plaintiff's claims. Nonetheless, the Motion brought by Defendants is judged under the standard applied for a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). See Furtick v. Medford Hous. Auth., 963 F.Supp. 64, 67 (D.Mass.1997) (citing Nedder v. Rivier Coll., 944 F.Supp. 111, 120 (D.N.H.1996)).

"Because rendition of judgment in such an abrupt fashion represents an extremely early assessment of the merits of the case, the trial court must accept all of the nonmovant's well-pleaded factual averments as true and draw all reasonable inferences in [its] favor." Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir.1988) (citations omitted). At bottom, judgment pursuant to a Rule 12(c) may not be entered "unless it appears beyond a doubt that the

nonmoving party can prove no set of facts in support of [its] claim which would entitle [it] to relief." Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir.1998).

A motion to dismiss may be granted only when the plaintiff has failed to state a claim upon which relief may be granted. This standard is extremely high because the Court "must accept as true the factual allegations of the complaint [and] construe all reasonable inferences therefrom in favor of the plaintiff." Beddall v. State St. Bank & Trust, Co., 137 F.3d 12, 16 (1st Cir. 1998). Moreover, the Court may not dismiss the claim unless it appears beyond doubt that STH, as the plaintiff, can prove no set of facts in support of its claim that would entitle Monahan to relief. FED. R. CIV. P. 12(b)(6); Branch v. F.D.I.C., 825 F. Supp. 384, 392 n.3 (D. Mass. 1993); Colby v. Hologic, Inc., 817 F. Supp. 204, 209 (D. Mass. 1993). The Defendants bear this difficult burden to show that Monahan's claim is untenable as a matter of law. Nat'l Credit Union Admin. Bd. v. Regine, 795 F. Supp. 59, 62 (D.R.I. 1992).

Defendants have not met, and cannot meet, this extraordinary burden. Viewing the Complaint in the light most favorable to Monahan as the plaintiff, and resolving every doubt in its favor, it is abundantly clear that Monahan has sufficiently asserted a claim for relief. The Defendants fail to demonstrate that Plaintiff's claim is untimely, unsupportable or that Monahan has not plead a claim for relief if it is shown that the Town's denial of his request to maintain a porous brick patio was arbitrary and capricious, decided in a manner in which Plaintiff was treated differently from other similarly situated homeowners and that the result of the Town's decision is that Monahan is denied him the full value and use of his real property.

A.   **Monahan's Complaint Was Timely Filed.**

The subject of this Complaint is the Order issued by the Town by and through its Conservation Commission on December 21, 2004. However, the applicant for the NOI,

4

Monahan acted accordingly, filing his lawsuit after the expiration of 60 days of receipt of the mailing of the decision. Monahan's complaint was subsequently filed within sixty (60) days of that notice on December 21, 2004, adding the customary three days (3) as a result of the Town's mailing of the decision.[1]

The pertinent portion of the statute for certiorari, M.G.L. c. 249, § 4, requires a party to commence a certiorari action, "within *sixty days* next after the proceeding complained of." "While the 60-day filing deadline has been strictly applied, no court has decided whether the deadline begins on the day the decision is actually made [December 21, 2004] or on the day the aggrieved party actually received notice of the decision." Vembu v. Univ. of Massachusetts, 1998 WL 761499 at *2 (Mass. Sup. 1998). Thus, it is apparent that there is ambiguity in the statute as to when the sixty day deadline begins to run. Use of the date upon which the party became aware of the decision is even more appropriate where, as here, the customary time for mailing is included in the calculation of the limitations period. 60 days from the date of the Order falls upon a Saturday (February 18, 2005), the next business day was Monday, February 21, 2005; Monahan filed his Complaint on February 24, 2005, three days later.

The "mailbox rule" is clearly adopted by the Court in calculating any period of time allowed by the rules of civil procedure, by order of court or applicable statute, where "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party... 3 days shall be added to the prescribed period." Fed.R.Civ.P. 6(e). While M.G.L. c.249, § 4, does not expressly state from which point the time should be measured, it is clearly not unreasonable for Monahan to act 60 days after receipt of the notice. Monahan submits that the sixty-day period ought be

---

[1] Monahan's counsel had several discussions with the Town's Manager throughout the sixty-day period, wherein the Town's representative indicated that the Town's wished to avoid litigation and sought a negotiated resolution.

considered to start to run when the he ultimately had notice of the Town's action, because without notice of the actual decision complained of, in this case the Order, the certiorari applicant has no knowledge of the grounds for which he will prepare his appeal. See McLellan v. Commissioner of Correction, 29 Mass.App.Ct. 933, 934-935 (1990)(considering whether the sixty-day period might be considered to start to run when the plaintiff "had notice"). As McLellan and Vembu suggest, the sixty day period of M.G.L. c. 249, § 4, should not be considered to run until Plaintiff had notice. Unlike Pidge v. Superintendent, MCI0Cedar Junction, 32 Mass. App. Ct. 14 (1992), this is not a case where Plaintiff has missed the deadline by a significant period of time, Monahan acted in a timely, reasonable and appropriate manner to challenge the Town's decision. Massachusetts Courts considering when the sixty day period should run have indulged and considered the period to run from notice. See Committee for Public Counsel Services v. Lookner, 47 Mass. App. Ct. 833 (1999)(Plaintiff failed to file timely action even after calculation of 60 days from notice); Gargano v. Barnstable Conservation Comm'n, 2002 WL 1923884 (Mass. Super. 2002)(Finding that even if the sixty day period were deemed to run from notice, Plaintiff's complaint was still untimely by a matter months). This action very much parallels Vembu, in which the Plaintiff in that action was allowed to seek review of the decision, which such case was filed within 60 days of notice, approximately five (5) days after the official date of the hearing, presumably accounting for delays in mailing.

In light of the fact that the purpose of certiorari action is to provide "... [a] highly remedial salutary procedure, founded upon a sense of justice, to relieve against wrongs otherwise irremediable," see Boston Edison Co. v. Board of Selectmen of Concord, 355 Mass. 79, 83 (1968); M.G.L. c. 249, § 4, this Court must conclude that, in the instant case, the purpose of the statute will be best met by construing the sixty-day deadline as beginning to run three-days after

the Town's December 21, 2004 decision. It follows that Monahan filed his certiorari action in a timely manner, and may proceed on that basis as well. Vembu v. Univ. of Massachusetts, 1998 WL 761499 at *3 (Mass. Sup. 1998).

Any misstep of the Plaintiff resulting from a delay of merely a few days at best, if the statute is to be strictly construed, should be weighed against the lack of prejudice to the Town. In fact, it is notable that the Town blatantly ignored the mandate of its own bylaws by neglecting to issue a decision 21 days after the September 21, 2004 proceedings as required. The Town waited 112 days, clearly in violation of its own procedure and authority, to issue a decision prejudicial to Plaintiff. The Town has clearly acted arbitrarily and in contravention of its own authority, as it may be suggested that the failure to timely issue the decision, has, in effect, constituted a waiver of the Town's rights under the bylaw to issue the Order. Clearly no prejudice can be shown by the Town, when the Town has clearly violated and ignored its own deadlines. Monahan has not missed any strict deadline by a significant period of time and should be given all benefits of a reasonable interpretation, as is consistent with the purpose of the statute. Monahan acted reasonably and promptly to seek review of the Town's decision upon his awareness and filing this action within sixty days of that awareness. Without certiorari, the wrong committed by the Town, will be unreviewable and Monahan will be left with no other avenue of review, contrary to the intent and purpose of an action of certiorari.

In light of Massachusetts State Courts' interpretation of the 60 day time limitation provided for in M.G.L. Ch. 249, §4, the time limit began to run after the applicant received notice of the Order of Conditions, the Complaint filed on February 24, 2005 was within the 60 day time limit, giving the Plaintiff the time permitted by the customary "mailbox rule." Thus, the Court has jurisdiction to hear the applicant's challenge to the Conservation Commission's

decision.

B.  **It is Premature for this Court to Dismiss the Remaining Claims.**

As alleged in the Complaint, and would be developed more fully in discovery and at trial, Monahan avers that he has been subjected to differential treatment by the Town in that he has been denied the ability to maintain a patio and small fence despite the presence of similar or greater structures throughout the buffer-zone. Monahan has propounded a public records (FOIA) request to the Town and expects to conduct further discovery as to this very issue. Given the stage of this case, and affording Monahan all proper weight to the Complaint and inferences to be drawn therefrom, it cannot be found that Defendant is entitled to Judgment on the Pleadings. It is possible and expected to be proven that Monahan was treated differentially, arbitrarily and in violation of his constitutional protections in connection with his request to merely maintain a small patio. Monahan improved and restored his property and has viewed similar (and even more disturbing to the protected interest) projects permitted by Salisbury.

## CONCLUSION

As demonstrated above, Monahan has a protected interest in the real property at issue and seeks review of the Town's decision depriving him the ability to maintain a brick patio and small fence. Monahan's only avenue of relief is via this action, to challenge the decision of the Town which is arbitrary and contrary to the evidence provided by Monahan. Monahan acted in a timely manner, filing this action within 60 days of his notice of the Town's decision which was sent to him via mail. This is not a case where Marsh has foregone action for a long period of time, prejudicing the Town or any other party; instead he has acted promptly, seeking review before this Court. In fact, it is the Town that violated its own bylaws for the issuance of the decision, waiting over 122 days instead of the required 21 to decide. The Town should not be

rewarded for its own violations, yet depriving Monahan of review via an ambiguous technicality. An action in the nature of certiorari is highly remedial to enact justice. Justice here requires that this Court permit Monahan to seek an overturn of the Town's unsupported decision. For all the foregoing reasons, Monahan should be afforded the opportunity to pursue his claims against the Town and this Court should deny the Town's Motion to for Judgment on the Pleadings.

Dated: November 4, 2005  Respectfully submitted,

**RICHARD MONAHAN,**

By his attorneys,

_/s/ Doreen M. Zankowski_
Doreen M. Zankowski (BBO #558381)
Jeremy Blackowicz (BBO #650945)
**Hinckley, Allen & Snyder LLP**
28 State Street, 29th Floor
Boston, Massachusetts 02109-1775
Tel: (617) 345-9000