UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 05-CV-10649-WGY

| | |
|---|---|
| RICHARD MONAHAN,<br><br>    Plaintiff<br><br>v.<br><br>TOWN OF SALISBURY, and RICHARD A. WHALEY, IORA ALEXANDER, KEVIN AVERY, PATRICIA FOWLER, DAVID HOLSCHER, THOMAS HUGHES, and JANE PURINTON, as they are the CONSERVATION COMMISSION OF THE TOWN OF SALISBURY,<br><br>    Defendants | MEMORANDUM IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS |

In his Opposition to the Defendants' Partial Motion for Judgment on the Pleadings, the plaintiff, Richard Monahan ("Monahan"), argues that his certiorari appeal pursuant to G.L. c.249 §4 should not be dismissed as untimely because the "mailbox" rule should apply to the statute of limitations set forth in G.L. c.249 §4. The Massachusetts courts, however, have explicitly ruled that such a rule does not extend the statute of limitations. Monahan then argues that the Conservation Commission has waived any timeliness issue by failing to issue notice of their decision until 112 days after the close of proceedings. If Monahan believed that the Conservation Commission violated its procedure, he had legal remedies to pursue such violation, but failed to take them (or at least take them in a timely fashion). He cannot now evade the time limits that applied to him on the grounds that the Conservation Commission did not provide him notice when he believes he was entitled to it.

Plaintiff argues that time under G.L. c.249 §4 begins to run not even when the plaintiff receives it, but from the day the agency in question mails it plus an additional three days. This extra three days is not provided in G.L. c.249 §4, nor does the plaintiff contend it is. No case cited by the plaintiff authorizes extending a statute of limitations by three days. Instead, the plaintiff heavily relies on a 1998 superior court case called <u>Vembu</u> v. <u>University of Massachusetts</u>, 9 Mass.L. Rptr. 211 (1998) which states in dicta that even if the Superior Court considered the sixty day time limit in G.L. c.249 §4 to run from the date the plaintiff received notice of the decision from which he appealed, the plaintiff's appeal of that decision was untimely. One year later, the Massachusetts Appeals Court, in <u>Committee for Pub. Counsel Servs.</u> v. <u>Lookner</u>, 47 Mass. App. Ct. 833, 837 (1999), ruled that the practice of commencing the time limit from the date of receipt of a decision was unsupported under G.L. c.249 §4.

"In G. L. c. 249, § 4, the Legislature did not require 'notice' or 'receipt' of anything, much less findings, to start the running of the certiorari period, but rather specified as the triggering mechanism for the action the operative conclusion of the proceedings complained of." <u>Lookner</u>, 47 Mass. App. Ct. at 837. "Had the Legislature intended to begin the relevant period from the actual receipt of a decision, it could easily have said so, as it has done elsewhere." <u>Id.</u> at 836 (<u>citing</u> G.L. c. 31 §44 (aggrieved party may appeal "within thirty days after receipt of such order or decision" of the Civil Service Commission); G.L. c. 30A §14(1) (action shall be commenced "within thirty days after receipt of notice of the final decision of the agency."))."'Where the statutory language is clear, it must be given its plain and ordinary meaning.'" <u>Lookner</u>, 47 Mass. App. Ct. at 837 (<u>quoting</u> <u>Hayes</u> v. <u>Retirement Board of Newton</u>, 425 Mass. 468, 471 (1997). The certiorari statute does not contain any mention of "receipt" of a decision triggering the commencement of the sixty day time limit. <u>See</u> G.L. c.249 §4.

The <u>Lookner</u> case was not the first time that the Massachusetts Appeals Court acknowledged that notice, or lack thereof, does not toll the 60-day statute of limitations. "To interested parties who have received no notice of board action and, before that, had no opportunity to be heard, the right to claim review within sixty days of plan endorsement may still, as a practical matter, not account for very much because of the probability that time will have run out before such persons are aware there is something for them to be concerned about. <u>Fashioning a solution for that difficulty, however, is properly a legislative task, rather than a judicial one</u>." <u>Stefanick</u> v. <u>Planning Bd. of Uxbridge</u>, 39 Mass. App. Ct. 418, 424-425 (1995) (emphasis added).  The <u>Stefanick</u> Court acknowledged that even where a party never receives <u>any</u> notice, the 60-day period under G. L. c. 249, § 4 is nonetheless unyielding.  The Court held that the statute of limitations must be strictly applied, even under such circumstances, unless or until the Legislature provides otherwise.  Here, Monahan acknowledges that he received notice, but nonetheless failed to take action within sixty days of such notice.

To the extent Monahan complains that the Commission did not issue its decision in a timely fashion, remedies were available to him: "if a commission, after holding such a hearing has failed within twenty-one days therefrom to issue an order…the applicant, any person aggrieved by said commission's order or failure to act, or any owner of land abutting the land upon which the proposed work is to be done, or any ten residents of the city or town in which said land is located, may, by certified mail and within ten days from said commission's order or failure to act, request the department of environmental protection to determine whether the area on which the proposed work is to be done is significant to public or private water supply, to the groundwater supply, to flood control, to storm damage prevention, to prevention of pollution, to protection of land containing shellfish, to the protection of wildlife habitat or to the protection of

fisheries or to the protection of the riverfront area consistent with the following purposes: to protect the private or public water supply; to protect the ground water; to provide flood control; to prevent storm damage; to prevent pollution; to protect land containing shellfish; to protect wildlife habitat; and to protect the fisheries." G.L. c. 131 §40. "Upon receipt of such request the department shall make the determination requested and shall by written order issued within seventy days of receipt of such request and signed by the commissioner or his designee, impose such conditions as will contribute to the protection of the interests described herein…" Id. If Monahan failed to take advantage of one statutory remedy available to him, then missing the deadline for a second statutory remedy available to him, he cannot compensate for such failures by extending the deadline without authorization of law.

    WHEREFORE, the defendants respectfully request that this Court allow its Partial Motion for Judgment on the Pleadings.

DEFENDANTS,

TOWN OF SALISBURY, SALISBURY CONSERVATION COMMISSION,

/s/Katharine Goree Doyle
Kathleen E. Connolly (BBO# 558706)
Katharine Goree Doyle (BBO# 634131)
John J. Goldrosen (BBO# 634434)
Kopelman and Paige, P.C.
 Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

265809/Sali/0147