UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 05-CV-10649-WGY

RICHARD MONAHAN,

       Plaintiff

v.

TOWN OF SALISBURY, and RICHARD A.
WHALEY, IORA ALEXANDER, KEVIN
AVERY, PATRICIA FOWLER, DAVID
HOLSCHER, THOMAS HUGHES, and JANE
PURINTON, as they are the
CONSERVATION COMMISSION OF THE
TOWN OF SALISBURY,

       Defendants

MEMORANDUM OF REASONS IN
SUPPORT OF DEFENDANTS'
MOTION TO COMPEL ANSWERS TO
INTERROGATORIES AND
RESPONSES TO REQUESTS FOR
PRODUCTION OF DOCUMENTS

I.    <u>INTRODUCTION</u>

The defendants have filed a motion to compel answers to interrogatories and responses to

requests for production of documents, as well as the deposition of the plaintiff, Richard

Monahan, due to the failure of the plaintiff to respond to the aforementioned discovery, which

was issued on November 1, 2005, and the failure of plaintiff to agree to a date to appear for

deposition, after requesting the cancellation of the deposition noticed for December 30, 2005.

Defense counsel has repeatedly attempted to work cooperatively with plaintiff's counsel to

produce the responses to the long overdue discovery and to reschedule the plaintiff's deposition,

including assenting to a motion to modify the scheduling order.  Such attempts were

unproductive, as the discovery responses have not been produced and the plaintiff has not agreed

to a new date for his deposition.  Defense counsel therefore requests the award of their

reasonable costs and attorneys fees for bringing this motion.

II.    <u>FACTS & PROCEDURAL HISTORY</u>

1.    The plaintiff initiated this action on or about February 24, 2005.

2.    The defendants removed the matter to U.S. District Court on or about April 1, 2005.

3.    On September 22, 2005, the Court entered the following Scheduling Order calling for the conclusion of written discovery by December 1, 2005 and completion of factual depositions by December 30, 2005.

4.    On November 1, 2005, the defendants issued Interrogatories and Requests for Production of Documents to the plaintiff, true and accurate copies of which are attached hereto as Exhibit A.

5.    On December 6, 2005, the defendants noticed the deposition of plaintiff Richard Monahan for December 30, 2005.  A true and accurate copy of the deposition notice is attached hereto as Exhibit B.

6.    Also on December 6, 2005, defense counsel notified plaintiffs counsel by letter that the discovery responses were overdue and requested that the responses by provided by December 9, 2005.  <u>Id.</u>

7.    Plaintiffs counsel then contacted defense counsel and requested an extension of time, to which defense counsel agreed on the condition that a motion to modify the scheduling order be filed.  Plaintiffs counsel also requested that the plaintiffs deposition be postponed because the plaintiff was not available on December 30, 2005.  Defense counsel agreed to the continuance.

8.    A motion to modify the scheduling order was filed on January 10, 2006.

9.    On the same date, plaintiffs counsel informed defense counsel that plaintiffs depositions would not be able to go forward until January 23, 2006, due to counsels schedule.

10.    On January 12, 2006, defense counsel provided a list of possible dates on which to hold
       plaintiff's deposition, and requested that the plaintiff agree to a further motion to modify
       the scheduling order to postpone the expert disclosures, in light of the delays in the
       responses to factual discovery.  The motion requested the following schedule:

|  |  |
|---|---|
| Written Discovery Completed | January 23, 2006 |
| Previously Noticed Depositions | January 30, 2006 |
| Expert Reports | February 28, 2006 |
| Expert Depositions Completed | March 20, 2006 |
| Motions for Summary Judgment | April 5, 2006 |
| Reply | April 21, 2006 |
| Hearing | At the Court's discretion |
| Trial | June __, 2006 |

The order was granted on January 19, 2006.

11.    Also on January 12, 2006, defense counsel requested the plaintiff's assent to allow
       defense expert to inspect the subject property.

12.    In response, plaintiff's counsel indicated willingness to allow the inspection, but raised the
       plaintiff's concern that the inspection be supervised by a third party, as the plaintiff was
       out-of-state.  Defense counsel stated her willingness to have plaintiff's counsel or another
       suitable person present for the inspection.

13.    On January 27, 2006 defense counsel again contacted plaintiff's counsel and requested the
       responses to written discovery, a new date for the plaintiff's deposition, and a date for
       inspection of the plaintiff's property.  She further informed plaintiff's counsel that she was
       considering filing a motion to compel.

14.     Plaintiff's counsel replied on January 27, 2006 indicating that he had been told by a third party that the Town wished to negotiate a settlement of the matter. Defense counsel conferred with her client the same day and responded to the plaintiff that no new settlement offer would be forthcoming from the Town (prior settlement negotiations had not resulted in resolution).

15.     On February 1, 2006, defense counsel again contacted plaintiff's counsel and requested the outstanding discovery responses, a date on which to inspect the property, as well as a date on which to depose the plaintiff. Defense counsel informed plaintiff's counsel that if she did not receive a response, she would file a motion to compel.

16.     On February 3, 2006, plaintiff's counsel attempted to contact defense counsel, but was unable to do so, because defense counsel's office was in the process of moving to a new location.

17.     On February 6, 2006, plaintiff's counsel contacted defense counsel to again reiterate that a third party was informing him that the Town wanted to settle the matter. Defense counsel responded immediately, repeating that the Town was not interested in a settlement offer other than that previously extended to and rejected by the plaintiff, and requested the responses to the outstanding discovery requests, a date for plaintiff's deposition, a date for the inspection of plaintiff's property, and further requested that the plaintiff file a motion to modify the scheduling order to reflect the delays caused by his failure to respond to discovery.

18.     On February 15, 2006, plaintiff counsel sent a letter to defense counsel again repeating the assertion that the Town desired a settlement. After conferring with the Town again, defense counsel responding with a letter dated February 22, 2006, repeating the Town's

4

position that no new settlement offer would be forthcoming and requesting responses to

discovery, a date for the plaintiff's deposition and a date for the inspection of plaintiff's

property.

19.     Plaintiff's counsel has not, to date, responded to the February 22, 2006 letter,  provided

responses to the outstanding discovery requests, a new date for the plaintiff's deposition,

or a date for the inspection of the property, despite defense counsel's repeated requests.

III.     <u>ARGUMENT</u>

The Federal Rules of Civil Procedure contemplate liberal and cooperative discovery in

civil matters.  Parties may obtain discovery "regarding any matter, not privileged, that is relevant

to the claim or defense of any party." Fed.R.Civ.P. Rule 26(b)(1).  A party may serve as a matter

of right no more than 25 interrogatories, including all discrete subparts. Fed.R.Civ.P. Rule 33(a).

Discovery matters are for the informed discretion of the district court, and the Court is

given great breadth of discretion in managing pre-trial mechanics and discovery.  <u>Fusco</u> v.

<u>General Motors Corp.</u>, 11 F.3d 259, 267 (1st Cir.1993).   The purpose of discovery is to "make a

trial less a game of blindman's buff and more a fair contest with the basic issues and facts

disclosed to the fullest practicable extent." <u>Anderson</u> v. <u>Cryovac, Inc.</u>, 862 F.2d 910, 929 (1[st]

Cir. 1988) (internal citations omitted).  The plaintiff has failed to respond in any manner to

defendants' interrogatories and requests for production of documents, thereby defying the

Modified Scheduling Order of this Court and preventing the defendants from properly preparing

their defense.  By his failure to respond, the plaintiff is also thwarting the very purpose of

discovery.  The Court should not condone such conduct, and should compel the plaintiff to

answer to the interrogatories and provide the responses to defendants' requests for production of

documents in order to mitigate the prejudice suffered by the defendants.

Fed R. Civ. P.37(a)(4) permits the Court to award a party reasonable expenses, including attorneys' fees, incurred in making a motion to compel, unless the Court finds that the motion was filed without the movant making a good faith effort to obtain discovery without the Court's intervention. As stated herein, defense counsel has repeatedly requested responses to discovery, but the plaintiff has repeatedly refused or evaded his obligation under the Federal Rules of Civil Procedure and the Modified Scheduling Order.

IV.    <u>CONCLUSION</u>

Wherefore, the defendants respectfully request that this Honorable Court compel the plaintiff to respond to the defendants' interrogatories and requests for production of documents within ten (10) days of this Court's order and appear for deposition within thirty (30) days of this Court's order. The defendants further request that this Court order the payment of reasonable attorney's fees associated with the costs of preparing this motion.

DEFENDANTS,

By their attorneys,

/s/Katharine I. Doyle
Kathleen E. Connolly (BBO# 558706)
Katharine I. Doyle (BBO# 634131)
Kopelman and Paige, P.C.
 Town Counsel
101 Arch Street
12th Floor
Boston, MA 02110-1109
(617) 556-0007

274616/Sali/0147

6

LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN
ANNE-MARIE M. HYLAND
JASON R. TALERMAN
GEORGE X. PUCCI

JANET HETHERWICK PUMPHREY
DIRECTOR WESTERN OFFICE
WILLIAM HEWIG III
JEANNE S. McKNIGHT

# KOPELMAN AND PAIGE, P. C.

ATTORNEYS AT LAW

31 ST. JAMES AVENUE

BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735
———
LENOX OFFICE
(413) 637-4300
———
NORTHAMPTON OFFICE
(413) 585-8632
———
WORCESTER OFFICE
(508) 752-0203

KATHLEEN M. O'DONNELL
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
MARY L. GIORGIO
MICHELE E. RANDAZZO
THOMAS W. McENANEY
KATHARINE GOREE DOYLE
LAUREN F. GOLDBERG
JEFFREY A. HONIG
GREGG J. CORBO
RICHARD T. HOLLAND
ELIZABETH R. CORBO
MARIA C. ROTA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN D. EICHMAN
JOSEPH S. FAIR
LAURA H. PAWLE
CAROLYN M. MURRAY
JACKIE COWIN
SARAH N. TURNER
JEFFREY T. BLAKE
BRIAN M. MASER
CAROLYN KELLY MACWILLIAM
ANNE C. ROSENBERG
PETER L. MELLO

November 1, 2005

Doreen M. Zankowski, Esq.
Hinckley, Allen & Snyder, LLP
28 State Street
Boston, MA 02109

Re:    Richard Monahan v. Town of Salisbury and Salisbury Conservation Commission
United States District Court, C.A. No. 05-CV-10649-WGY

Dear Ms. Zankowski:

Enclosed please find Defendants' Voluntary Disclosure of Discoverable Information Pursuant To Fed. R. Civ. P.26(a)(1), Defendants' First Request for Production of Documents to Plaintiff Richard Monahan and Defendants' First Set of Interrogatories to Plaintiff, as well as a Certificate of Service.

Very truly yours,

Katharine Doyle /cmt

Katharine Goree Doyle

KGD/cmt
Enc.
cc:    Town Manager
Conservation Commission

265308/Sali/0147

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 05-cv-10649-WGY

RICHARD MONAHAN,

      Plaintiff

v.

TOWN OF SALISBURY, and RICHARD A. WHALEY, IORA ALEXANDER, KEVIN AVERY, PATRICIA FOWLER, DAVID HOLSCHER, THOMAS HUGHES, and JANE PURINTON, as they are the CONSERVATION COMMISSION OF THE TOWN OF SALISBURY,

      Defendants

DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF RICHARD MONAHAN

Pursuant to Fed.R.Civ.P.26 and 33, the defendants hereby propound the following interrogatories to the plaintiff, to be answered under oath within 45 days of service. The answers must be based on all information available to the plaintiff, her attorneys, agents and representatives, and on all records in the possession, custody and control of such persons.

The plaintiff is respectfully reminded that Fed.R.Civ.P. 26(e) requires him to file supplemental answers promptly upon receipt of information rendering any answers previously filed inaccurate or incomplete, and in certain additional circumstances.

d.    the name and address of the person, firm or corporation presently in possession or custody of such statement.

INTERROGATORY NO. 5

Please provide the name and address of each person (other than your attorneys) known by you to have witnessed or to have knowledge concerning the occurrences set forth in the Complaint.

INTERROGATORY NO. 6

For every person identified in the Answer to Interrogatory No. 5, please provide the relationship of that person to the plaintiff and nature of the information held by such person.

INTERROGATORY NO. 7

Please provide the name and address of every fact witness the plaintiff intends to call at trial, the relationship of that person to the plaintiff, and the substance of their anticipated testimony.

INTERROGATORY NO. 8

Please provide in full and complete detail the factual basis for the allegation in Paragraph 15 of the Complaint that "the patio and fence is more than 25 feet from the salt marsh (wetland area) at its closest point, thus, outside the so-called "no build" zone", specifying in your response the complete basis for each allegation against each defendant.

INTERROGATORY NO. 9

Please provide in full and complete detail the factual basis for the allegation in Paragraph 16 of the Complaint that the "site is stabilized and the fence and patio placement does not prohibit nature dune migration" specifying in your response the complete basis for each allegation against each defendant.

3

INTERROGATORY NO. 10

Please provide in full and complete detail the factual basis for the allegation in Paragraph 17 of the Complaint that the "patio materials are porous and thus do not inhibit drainage, nor do they cause any erosion or other problems to the environment" specifying in your response the complete basis for each allegation against each defendant.

INTERROGATORY NO. 11

Please provide in full and complete detail the factual basis for the allegation in Paragraph 18 of the Complaint that the "porous patio and de minimas fencing did not disturb the environment in any harmful, material or significant manner" specifying in your response the complete basis for each allegation against each defendant.

INTERROGATORY NO. 12

Please provide in full and complete detail the factual basis for the allegation in Paragraph 19 of the Complaint that the "effect of the patio and fence on the barrier beach area at issue would be negligible" specifying in your response the complete basis for each allegation against each defendant.

INTERROGATORY NO. 13

Please provide in full and complete detail the factual basis for the allegation in Paragraph 28 of the Complaint that "Plaintiff's house, major portions of Route 1A and numerous other homes along North End Boulevard are in the 40' no disturb zone" specifying in your response the complete basis for each allegation against each defendant.

INTERROGATORY NO. 14

Please provide in full and complete detail the factual basis for the allegation in Paragraph 29 of the Complaint that the defendants "allow driveways and other structures, including patios,

4

fence, portions of homes, etc. to be constructed in the 40' "no disturb" zone" specifying in your response the complete basis for each allegation against each defendant.

INTERROGATORY NO. 15

Please provide in full and complete detail the factual basis for the allegations in Paragraph 31 of the Complaint, specifying in your response the complete basis for each allegation against each defendant.

INTERROGATORY NO. 16

Please provide in full and complete detail the factual basis for the allegations in Paragraph 32 of the Complaint, specifying in your response the complete basis for each allegation against each defendant.

INTERROGATORY NO. 17

Please provide in full and complete detail the factual basis for the allegations in Paragraph 37 of the Complaint, specifying in your response the complete basis for each allegation against each defendant.

INTERROGATORY NO. 18

Please identify by name and address any and all other persons or entities similarly situated to you who allegedly received different treatment from the defendants.

INTERROGATORY NO. 19

Please describe the alleged purpose or motivation for the differential treatment you believe you have received from the defendants.

INTERROGATORY NO. 20

Please describe any and all damages you claim to have incurred as a result of the alleged actions of the defendants.

INTERROGATORY NO. 21

Please provide in full and complete detail the factual basis for the allegations in Paragraph 39 of the Complaint, specifying in your response the complete basis for each allegation against each defendant.

INTERROGATORY NO. 22

Please provide in full and complete detail the factual basis for the allegation that the portion of the Town of Salisbury Wetlands Bylaw that purports to grant the Commission jurisdiction over the so-called "no disturb zone" exceeds the permissible purposes and authority of local wetlands bylaws and therefore null and void.

DEFENDANTS,
By their attorneys,

Joseph L. Tehan, Jr. (BBO# 494020)
Katharine Goree Doyle (BBO# 634131)
Kopelman and Paige, P.C.
  Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

265319/Metg/0348

6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 05-cv-10649-WGY

RICHARD MONAHAN,

      Plaintiff

v.

TOWN OF SALISBURY, and RICHARD A.
WHALEY, IORA ALEXANDER, KEVIN
AVERY, PATRICIA FOWLER, DAVID
HOLSCHER, THOMAS HUGHES, and JANE
PURINTON, as they are the
CONSERVATION COMMISSION OF THE
TOWN OF SALISBURY,

      Defendants

DEFENDANTS' FIRST REQUEST
FOR PRODUCTION OF
DOCUMENTS PROPOUNDED
TO PLAINTIFF

Defendants hereby request, pursuant to Rule 34, that plaintiff Richard Monahan provide
true and accurate copies of the following documents within thirty (30) days from the date hereof.
These requests shall be deemed to be continuing up to the time of trial so as to require
supplemental responses if additional responsive documents become available.

As to any document that you or your counsel claims to be privileged, please provide a log
identifying the document, its date of creation, author or creator, and basis for the claim of
privilege.

## DEFINITIONS

1.    "Document[s]" means all written, recorded, or graphic materials whatsoever
(including any such materials stored in computer equipment or devices), including but not
limited to: papers, books, records, letters, correspondence, email, telegrams, memoranda,
intracompany communications, notes, notations, transcripts, summaries, diaries, datebooks, desk

13.     Any and all documents supporting or relating to the allegations in Paragraph 32 of the Complaint.

14.     Any and all documents supporting or relating to the allegations in Paragraph 37 of the Complaint.

15.     Any and all documents identifying other persons or entities similarly situated to you who allegedly received different treatment from the defendants.

16.     Any and all documents evidencing the purpose or motivation for the differential treatment you allege you have received from the defendants.

17.     All documents relating to any damages you claim to have incurred as a result of the actions of the defendants.

18.     Any and all documents relating to claims filed by you against the Town of Salisbury pursuant to G.L. c.79 as a result of the incidents alleged in the Complaint.

19.     All documents relating to the allegation in Paragraph 39 of the Complaint.

20.     Any and all documents supporting the claim that the portion of the Town of Salisbury Wetlands Bylaw that purports to grant the Commission jurisdiction over the so-called "no disturb zone" exceeds the permissible purposes and authority of local wetlands bylaws and therefore null and void.

21.    Your income tax returns for 2000 to the present.

22.    Any and all documents demonstrating your ownership interest in the Site.

DEFENDANTS,

TOWN OF SALISBURY, SALISBURY
CONSERVATION COMMISSION,

By their attorneys,

Kathleen E. Connolly (BBO# 558706)
Katharine Goree Doyle (BBO# 634131)
John J. Goldrosen (BBO# 634434)
Kopelman and Paige, P.C.
  Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

265301/Sali/0147

## CERTIFICATE OF SERVICE

I, Katharine Goree Doyle, hereby certify that on the below date, I served a copy of the

foregoing Defendants' Voluntary Disclosure of Discoverable Information Pursuant to Fed. R.

Civ. P.26(a)(1), Defendants' First Request for Production of Documents Propounded to Plaintiff

Richard Monahan and Defendants' First Set of Interrogatories to Plaintiff by first class mail,

postage prepaid, to the following counsel of record:

> Doreen M. Zankowski, Esq.
> Hinckley, Allen & Snyder, LLP
> 28 State Street
> Boston, MA  02109

Dated: _11/1/05_                    _Katharine Goree Doyle /cmt_
                                   Katharine Goree Doyle

265307/Sali/0147

LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN
ANNE-MARIE M. HYLAND
JASON R. TALERMAN
GEORGE X. PUCCI
WILLIAM HEWIG III
JEANNE S. McKNIGHT
LAUREN F. GOLDBERG
MICHELE E. RANDAZZO

JANET HETHERWICK PUMPHREY
DIRECTOR WESTERN OFFICE

# KOPELMAN AND PAIGE, P. C.

ATTORNEYS AT LAW

31 ST. JAMES AVENUE

BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735

LENOX OFFICE
(413) 637-4300

NORTHAMPTON OFFICE
(413) 585-8632

WORCESTER OFFICE
(508) 752-0203

KATHLEEN M. O'DONNELL
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
MARY L. GIORGIO
THOMAS W. McENANEY
KATHARINE GOREE DOYLE
JEFFREY A. HONIG
GREGG J. CORBO
RICHARD T. HOLLAND
ELIZABETH R. CORBO
MARIA C. ROTA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN D. EICHMAN
JOSEPH S. FAIR
LAURA H. PAWLE
CAROLYN M. MURRAY
JACKIE COWIN
SARAH N. TURNER
JEFFREY T. BLAKE
BRIAN M. MASER
CAROLYN KELLY MacWILLIAM
ANNE C. ROSENBERG
PETER L. MELLO
KATHERINE L. DAVIDSON
JEFFREY D. UGINO

December 6, 2005

BY FACSIMILE – (617) 345-9020
AND BY FIRST CLASS MAIL

Doreen M. Zankowski, Esq.
Hinckley, Allen & Snyder, LLP
28 State Street
Boston, MA  02109

Re:     Richard Monahan v. Town of Salisbury and Salisbury Conservation Commission
        United States District Court, C.A. No. 05-CV-10649-WGY

Dear Ms. Zankowski:

Enclosed please find a Notice of Deposition for Richard Monahan for December 30, 2005
at 10:00 a.m.

I have not yet received your responses to requests for document production or your
answers to interrogatories, which were served on November 1, 2005.  Please provide your
answers and responses no later than December 9, 2005.

Very truly yours,

Katharine Goree Doyle

KGD/cmt
Enc.
cc:     Town Manager
        Conservation Commission

268120/Sali/0147

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 05-CV-10649-WGY

RICHARD MONAHAN,

Plaintiff

v.

TOWN OF SALISBURY, and RICHARD A.
WHALEY, IORA ALEXANDER, KEVIN
AVERY, PATRICIA FOWLER, DAVID
HOLSCHER, THOMAS HUGHES, and JANE
PURINTON, as they are the
CONSERVATION COMMISSION OF THE
TOWN OF SALISBURY,

Defendants

NOTICE OF TAKING DEPOSITION

TO:    Richard Monahan

Through his attorneys,
Doreen Zankowski, Esq.
Hinckley, Allen & Snyder, LLP
28 State Street
Boston, MA  02109

Please take notice that at 10:00 a.m. on Friday, December 30, 2005, at the offices of

Kopelman and Paige, P.C., 31 St. James Avenue, 7th Floor, Boston, MA  02116, defendants

through counsel will take the deposition of Richard Monahan before a Notary Public or other

official authorized by law to administer oaths.  The oral examination will continue from day to

day until completed.  You are invited to attend the cross-examine.

DEFENDANTS,

TOWN OF SALISBURY, SALISBURY
CONSERVATION COMMISSION,

Kathleen E. Connolly (BBO# 558706)
Katharine Goree Doyle (BBO# 634131)
John J. Goldrosen (BBO# 634434)
Kopelman and Paige, P.C.
  Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

268147/Sali/0147

```
                     ***********************
                     ***   TX REPORT   ***
                     ***********************


      TRANSMISSION OK

      TX/RX NO            4156
      CONNECTION TEL                      96173459020
      CONNECTION ID
      ST. TIME           12/06 14:55
      USAGE T             01'11
      PGS. SENT            4
      RESULT              OK
```

**Boston**                  **Kopelman and Paige P.C.**          **Northampton**
                                 31 St. James Avenue
                                  Boston, MA 02116
**Worcester**            (617)556-0007 / (617)654-1735 - fax          **Lenox**


### THIS DOCUMENT IS CONFIDENTIAL


### FAX TRANSMITTAL COVER SHEET


Date: _____ December 6, 2005 _____     Number of Pages Including Cover: _____

Account Code: __0062__              Original Will Follow:   Yes _X_   No _____

This Fax was Sent By: __Katharine Goree Doyle, Esq.__   Operator Initials: _Omt_

### PLEASE DELIVER TO:

          **Name**                          **Fax Number**

__Doreen M. Zankowski, Esq.__               __617-345-9020__


### COMMENTS OR INSTRUCTION:

Re:   Richard Monahan v. Town of Salisbury and Salisbury Conservation Commission
      United States District Court, C.A. No. 05-CV-10649-WGY

| Boston | **Kopelman and Paige P.C.** | Northampton |
|---|---|---|
| | 31 St. James Avenue | |
| | Boston, MA 02116 | |
| Worcester | (617)556-0007 / (617)654-1735 - fax | Lenox |

### THIS DOCUMENT IS CONFIDENTIAL

### FAX TRANSMITTAL COVER SHEET

Date: _____December 6, 2005_____   Number of Pages Including Cover: _____

Account Code: ___0062_____   Original Will Follow:   Yes _X_   No_____

This Fax was Sent By: _____Katharine Goree Doyle, Esq.___   Operator Initials: *mt*

**PLEASE DELIVER TO:**

| Name | Fax Number |
|---|---|
| ___Doreen M. Zankowski, Esq.___ | ___617-345-9020_____ |

**COMMENTS OR INSTRUCTION:**

| |
|---|
| **Re:**  Richard Monahan v. Town of Salisbury and Salisbury Conservation Commission <br> <u>United States District Court, C.A. No. 05-CV-10649-WGY</u> |

PLEASE CONTACT SENDER AT (617)654-1754 IF YOU HAVE NOT RECEIVED THE NUMBER OF PAGES NOTED ABOVE OR IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION