UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MONAHAN<br>　　　Plaintiff<br>v.<br><br>TOWN OF SALISBURY, and RICHARD<br>A. WHALEY, IORA ALEXANDER,<br>KEVIN AVERY, PATRICIA FOWLER<br>DAVID HOLSCHER, THOMAS HUGHES<br>And JANE PURINTON, as they are the<br>CONSERVATION COMMISSION OF<br>THE TOWN OF SALISBURY<br>　　　Defendants | Civil Action No. 05-10649WGY |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL**

Plaintiff Richard Monahan ("Monahan"), by counsel, respectfully submits this Memorandum in Opposition to the motion submitted by Defendants, collectively referred to herein as the "Town," to compel answers to interrogatories, responses to requests for production of documents and deposition.

**BACKGROUND**

Plaintiff Monahan is the owner of a residence located at 479 North End Boulevard (also known as Route 1A) in Salisbury, Massachusetts (the "Property"). This case involves a dispute over Monahan's placing of porous brick patio stones adjacent to his home, and the Town's wrongful denial of his application to maintain same. Mr. Monahan is separately pursuing an appeal before the Massachusetts Department of Environmental Protection ("DEP") regarding the placement of the patio. The Town has wrongfully denied Mr. Monahan's accessory use despite having no authority but for an irregularly and discriminatorily enforced "policy" that has no basis

in the Town bylaws or regulations. Moreover, it is understood that the Town has recently passed an amendment to its bylaws and regulations that permits the placing of paving such as that done by Mr. Monahan. In fact, over objection by Town counsel, Town representatives have admitted in proceedings before the DEP that there are other structures, such as decks and structures with footings, that have been permitted within Salisbury's forty-foot "no-disturb" policy zone. See Zankowski Affidavit at ¶ 4. It appears that Mr. Monahan is being wrongfully singled out in the community. Plaintiff has an outstanding request for public records of the Salisbury Conservation Commission, for which Defendants' have suggested an outrageous charge for search and segregation time to locate and produce documents for Plaintiff's review.

On numerous occasions during the course of litigation Monahan has made an offer of settlement, in which he would agree to replace the current brick patio with an elevated wooden structure. Mr. Monahan has drafted and submitted proposed plans for such a structure. Such an offer was acceptable to the Town prior to the institution of litigation. Moreover, as a matter of fact, the Town Manager was the party that initially suggested the elevated wooden structure. See Zankowski Affidavit at ¶ 5. The DEP has further conditionally accepted this offer and indicated a desire that the Town do the same. See Zankowski Aff. at ¶ 6. The Town has never expressly rejected Mr. Monahan's offer and has never clearly articulated or justified its change in position regarding the previously acceptable structure. See Zankowski Affidavit at ¶ 8. Plaintiff's counsel has provided the settlement offer and plans to Defendants' counsel on at least two occasions. See Zankowski Affidavit at ¶ 7. However, despite Plaintiff's proffers of a settlement proposal, at a hearing before the DEP on March 13, 2005 the Town Conservation Commission Administrator, Lisa Pearson, had never been advised or seen Plaintiff's settlement proposal. See Zankowski Affidavit at ¶ 9.

As identified by Defendants in their Motion, Plaintiff's counsel was contacted by a third-party on multiple occasions that indicated the Town wished to avoid incurring the costs and fees associated with further discovery and litigation over the placement of a patio. See Zankowski Affidavit at ¶ 10. Plaintiff's Counsel corresponded with Town counsel relaying the information and the Town's request via the third-party that a meeting be set up to attempt resolution of the issue. It was in good faith, upon the apparent party admissions that settlement was desired by the Town, that Plaintiff's counsel sought to set up a settlement meeting between the parties prior to incurring further attorney's fees and costs in connection with discovery.

Town counsel responded that the Town was not interested in settlement and discovery was to be provided. Town counsel further inquired as to the source of the third-party's information, so that further conference with her client may occur regarding the desire to settle. Plaintiff's counsel was again contacted by the third-party who stated that the Town Manager, Neil Harrington, had expressed a desire in a public forum that the Town wanted to "convene a settlement conference" on the Monahan patio matter. See Zankowski Affidavit at ¶ 11. The third-party relayed to Plaintiff's counsel correspondence from Town Manager, Neil Harrington, on February 2, 2006 that stated

> "I did speak with the Town's attorney last week and confirmed to her that I would be willing to meet and mediate the dispute… it makes more sense to me to bring the matter to a compromise, so both sides are not continuing to waste legal fees over what appears to me to be such a small matter. I am waiting to hear from Kopelman & Paige about potential meeting dates." See Zankowski Affidavit at ¶ 12.

Town counsel was relayed this information the very next day and Plaintiff's counsel inquired about setting up a conference to discuss settlement in lieu of immediately incurring further fees and expenses on discovery. Defendants' response on Monday February 6, 2006 indicated that she did not further speak with her client and did not inquire as to which attorney at Kopelman &

#574462

3

Paige was directed to set up a settlement conference.

Plaintiff's counsel made one last attempt at convening the Town's desired settlement conference via correspondence dated February 15, 2006. Plaintiff's understanding is that Defendants' had not been given the opportunity to review Mr. Monahan's settlement proposal and had not, in fact, rejected same despite Town counsel's assertions. Defendants' counsel filed the Motion to Compel on March 7, 2006.

At a conference before the DEP on March, 13, 2006, with certain representatives of the Town and Town counsel John J. Goldrosen, after presentation of Monahan's settlement proposal as requested by the DEP, it was agreed that the Town would review same and vote at the next Conservation Commission meeting on March 15, 2006 in a public forum on Mr. Monahan's offer. See Zankowski Aff. at ¶ 13. It is understood that the Salisbury Conservation Commission subsequently met on March 15, 2006 and failed to publicly present, discuss or vote on the Monahan patio in contradiction to the express agreement of the parties. See Zankowski Affidavit at ¶ 14. Defendants' have simply failed to proceed in good faith with Mr. Monahan, despite openly stated desires by all parties to end this federal litigation over a patio. As of this date, Plaintiff's counsel has provided Defendants with responses to written discovery and proposed dates for the plaintiff's deposition. See Zankowski Aff. at ¶ 15.

## ARGUMENT

In apparent opposition to publicly stated desire of the Town to settle, Defendant's counsel has, instead, filed the instant Motion seeking completion of outstanding discovery, at great expense to all parties. Plaintiff submits that his failure to complete the outstanding discovery was based upon party admissions regarding a desire to avoid the fees and costs associated with completing this discovery and good-faith attempts to have the Town's requested settlement

#574462

4

meeting.

Defendants have suffered no prejudice from the failure to complete discovery and Plaintiff has provided the outstanding discovery and dates for the deposition. In light of the apparent miscommunications between the Town and its counsel, in light of the Town's representations and statements to third-parties, Monahan's failure to complete discovery is substantially justified and reasonable. Monahan was not seeking to impede or frustrate the discovery process. Plaintiff is simply a homeowner that would like to enjoy the natural resources his home in Salisbury offers and had been attempting in good-faith to resolve the dispute. The Town has admitted he was treated differently from others similarly situated; however, if resolution is desired by the Town, Plaintiff is willing to seek some mutual agreement to end federal litigation over a patio.

An award of fees pursuant to Fed.R.Civ.P. 37(a)(4) is improper and unjust given the above circumstances and apparent misunderstanding between the parties. Substantial justification for Plaintiff's failure to timely complete discovery does not mean "justified to a high degree," but only that it be "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). "Substantially justified" is also satisfied if there is a "genuine dispute" or if reasonable people could differ as to [the appropriateness of the contested action]." Notice v. DuBois, 187 F.R.D. 19 (D. Mass. 1999)(citations omitted).

A reasonable person could conclude that Mr. Monahan's receipt of admissions and publicly stated desires by the Town to avoid discovery costs and settle the matter substantially justified his non-completion of the outstanding discovery. Not only did the Town indicate that it sought settlement, but Town counsel agreed that the settlement proposal would be presented,

discussed and voted on in a public forum, which it apparently failed to do. Given the scope and nature of the dispute, described by the Town Manager as "a small matter," Plaintiff's actions are reasonable, substantially justified and the actions in not timely completing discovery are not frivolous or made with dilatory motive. See Pan American Grain Mfg. Co. v. Puerto Rico Ports Auth., 193 F.R.D. 26 (D. Puerto Rico 2000). Sanctions are inappropriate when there has been no showing of an abuse of the discovery process. Stillman v. Edmund Scientific Co, 522 F.2d 798 (4th Cir. 1975).

## CONCLUSION

Wherefore, for the foregoing reasons, Plaintiff requests that this Court deny Defendants' request for sanctions and costs, as Plaintiff's actions, based upon admissions, communications and unfulfilled promises to review settlement, were substantially justified.

Dated: March 20, 2006                Respectfully submitted,

**RICHARD MONAHAN,**

By his attorneys,

_/s/ Doreen M. Zankowski_
Doreen M. Zankowski (BBO #558381)
Jeremy Blackowicz (BBO #650945)
**Hinckley, Allen & Snyder LLP**
28 State Street, 29th Floor
Boston, Massachusetts 02109-1775
Tel: (617) 345-9000

#574462

## CERTIFICATE OF SERVICE

I, Doreen M. Zankowski, hereby certify that on this 20th day of March 2006, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                                                                                                                    */s/ Doreen M. Zankowski*