UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD MONAHAN )<br>Plaintiff )<br>v. )<br> )<br>TOWN OF SALISBURY, and RICHARD )<br>A. WHALEY, IORA ALEXANDER, )<br>KEVIN AVERY, PATRICIA FOWLER )<br>DAVID HOLSCHER, THOMAS HUGHES )<br>And JANE PURINTON, as they are the )<br>CONSERVATION COMMISSION OF )<br>THE TOWN OF SALISBURY )<br>Defendants )<br> ) | Civil Action No. 05-10649WGY |

## AFFIDAVIT OF DOREEN M. ZANKOWSKI
## IN SUPPORT OF OPPOSITION TO MOTION TO COMPEL

I, Doreen M. Zankowski, Esq. hereby state and depose the following to be true and accurate, and based on my personal knowledge:

1. I am a partner in the law firm of Hinckley Allen & Snyder, LLP.

2. I am counsel of record for Plaintiff, Mr. Richard Monahan, in connection with the above-captioned matter.

3. On behalf of Plaintiff and in connection with an appeal of the Denial of Notice of Intent, I attended a hearing before the Massachusetts Department of Environmental Protection ("DEP") on March 13, 2006.

4. During the course of the March 13, 2006 proceedings, over objection by Town counsel, John J. Goldrosen, the Town representative and Conservation Commission Administrator, Lisa Pearson, admitted that there are other structures, such as decks and

structures with a footings, that have been permitted within Salisbury's forty-foot "no-disturb" policy zone.

5. Prior to the institution of litigation, after conservation commission hearings and review of Mr. Monahan's Notice of Intent, Town Manager, Neil Harrington, suggested that an elevated wooden structure would be an acceptable alternative to the porous brick patio at issue.

6. The DEP has conditionally agreed that it would permit the construction of an elevated wooden structure in place of the porous brick patio and has suggested the Town agree to Mr. Monahan's offer of compromise.

7. On at least two occasions, I have provided the Town's counsel with copies of Mr. Monahan's settlement proposal and draft plans for an elevated wooden structure.

8. The Town has never expressly rejected Mr. Monahan's offer of compromise and has never clearly articulated or justified its change in position regarding the previously acceptable structure.

9. At the March 13, 2006 hearing before the DEP the Town Conservation Commission Administrator, Lisa Pearson, indicated she had never been advised of or seen Plaintiff's settlement proposal.

10. In early January 2006 and more specifically on Friday, January 27, 2006 I was contacted by a third-party that indicated the Town wished to avoid incurring the costs and fees associated with further discovery and litigation over the placement of a patio and wished to seek settlement.

11. I was again contacted on or about February 2, 2003 by the third-party who stated that the Town Manager, Neil Harrington, had expressed a desire in a public forum that the Town wanted to "convene a settlement conference" on the Monahan patio matter.

12. The third-party relayed to me correspondence from Town Manager, Neil Harrington, on February 2, 2006 that stated

> "I did speak with the Town's attorney last week and confirmed to her that I would be willing to meet and mediate the dispute… it makes more sense to me to bring the matter to a compromise, so both sides are not continuing to waste legal fees over what appears to me to be such a small matter. I am waiting to hear from Kopelman & Paige about potential meeting dates."

13. At the DEP conference on March, 13, 2006, John J. Goldrosen and Lisa Pearson agreed that the Town Conservation Commission would review on Mr. Monahan's offer and vote in a public forum at the next meeting on March 15, 2006.

14. It has been relayed to me that the Salisbury Conservation Commission met on March 15, 2006 and failed to publicly present, discuss or vote on the Monahan patio settlement offer.

15. As of this date, Plaintiff's counsel has provided Defendants with responses to written discovery and proposed dates for the plaintiff's deposition.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 20TH DAY OF MARCH 2006

_/s/ Doreen M. Zankowski_

Doreen M. Zankowski